UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Buffalo Wild Wings, Inc., a Minnesota corporation, | Civil File No. _____ |
| Plaintiff, | |
| v. | |
| Buffalo Wings & Rings, LLC, and DOES 1-95, | |
| Defendants. | |

**COMPLAINT AND JURY DEMAND**

Buffalo Wild Wings, Inc., for its Complaint against Defendant Buffalo Wings & Rings, LLC, states and alleges as follows:

**THE PARTIES**

1. Buffalo Wild Wings owns, operates, and franchises Buffalo Wild Wings Grill & Bar® restaurants. Buffalo Wild Wings is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

2. Upon information and belief, Buffalo Wings & Rings is an Ohio limited liability company with its principal place of business in Cincinnati, Ohio.

3. Upon information and belief, DOES 1-95 are franchisees of Buffalo Wings & Rings who are individuals or entities whose true names and capacities are unknown to Buffalo Wild Wings at this time.

4. Buffalo Wild Wings brings this lawsuit because of Buffalo Wings & Rings' wrongful attempt to mislead the consuming public by capitalizing on Buffalo Wild Wings' valuable trademark and trade dress rights.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement, trade dress infringement, false marking, determining the registrability of pending trademark applications, deceptive trade practices and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1114 *et seq.*, the Minnesota Deceptive Trade Practices Act (Minn. Stat. §§ 325D.44-45) and the common law.

6. The Court has jurisdiction under 28 U.S.C. § 1338 (a) and (b), and 1367. Venue is proper under 28 U.S.C. § 1391(b) and (c).

## BUFFALO WILD WINGS' TRADEMARK RIGHTS

7. Buffalo Wild Wings began doing business in 1982, and has grown to over 590 Buffalo Wild Wings Grill & Bar® restaurants in 40 states. Buffalo Wild Wings is a family sit down restaurant and sports bar featuring chicken wings and other boldly-flavored menu items.

8. Buffalo Wild Wings is one of the fastest growing restaurant franchises in the United States.

9. Buffalo Wild Wings has received numerous awards for its concept, brand, advertising, food and service.

10. During a period when many franchise restaurants have suffered losses, Buffalo Wild Wings continues to post profits and has been recognized in national media for its success.

11. Buffalo Wild Wings has used the term "BUFFALO WILD WINGS" since 1982 and has incorporated that term in numerous trademarks.

12. Buffalo Wild Wings owns the following United States trademark registrations incorporating the term "BUFFALO WILD WINGS," all of which are valid and subsisting:

    a. U.S. Registration No. 1,496,316 for the word mark BUFFALO WILD WINGS & WECK for use with restaurant services;

    b. U.S. Registration No. 2,239,550 for the word mark BUFFALO WILD WINGS for use with restaurant services;

    c. U.S. Registration No. 3,038,771 for the word mark BUFFALO WILD WINGS for use with sauces, namely, barbecue sauces;

    d. U.S. Registration No. 3038,772 for the word mark BUFFALO WILD WINGS for use with seasoning, namely, an ingredient for flavoring potato chips, popcorn, pretzels and peanuts;

    e. U.S. Registration No. 3,106,653 for the word mark BUFFALO WILD WINGS GRILL & BAR for use with restaurant services;

    f. U.S. Registration No. for the word mark BUFFALO WILD WINGS GRILL & BAR for use with sauces, namely barbeque sauces;

g.  U.S. Registration No. 3,319,506 for the word mark BUFFALO WILD WINGS EXPRESS for use with restaurant services;

h.  U.S. Registration No. 1,497,262 for the design mark on the right for use with restaurant services; 

i.  U.S. Registration No. 2,187,765 for the design mark on the right for use with restaurant services; and 

j.  U.S. Registration No. 3,038,770 for the design mark on the right for use with seasoning, namely, an ingredient for flavoring potato chips, popcorn, pretzels and peanuts; 

13. Buffalo Wild Wings also owns the following United States trademark applications incorporating the term "BUFFALO WILD WINGS:"

a.  U.S. Application Serial No. 77/654,679 for the word mark BUFFALO WILD WINGS for use with franchise services, namely, offering business management assistance in the establishment and operation of restaurants; and

b.  U.S. Application Serial No. 77/456,114 for the design mark on the right for use with restaurant services; sauces, 

4

namely, barbecue sauces; and franchise services, namely, offering business management assistance in the establishment and operation of restaurants.

14. Buffalo Wild Wings trademarks described in paragraphs 12 and 13 above are collectively referred to as the BUFFALO WILD WINGS Trademarks.

15. Buffalo Wild Wings has continuously and prominently used the BUFFALO WILD WINGS Trademarks in connection with its business.

16. Buffalo Wild Wings has invested substantial resources to develop brand equity, public recognition, and goodwill in the BUFFALO WILD WINGS Trademarks.

17. As a result of these efforts, consumers associate the BUFFALO WILD WINGS Trademarks with Buffalo Wild Wings, and the marks are highly valuable assets representing substantial good will.

## BUFFALO WILD WINGS' TRADE DRESS

18. In addition to the numerous trademarks identified above, Buffalo Wild Wings is the owner of inherently distinctive trade dress.

19. Buffalo Wild Wings' non-functional trade dress consists of a combination of features that combine to create the unique look and feel of Buffalo Wild Wings restaurants. Buffalo Wild Wings' trade dress includes, but is not limited to, the following elements (hereafter "Trade Dress"):

- Stylized buffalo images
- Prominent use of a buffalo image within a concentric circle
- Prominent use of the color yellow
- Wide open interior with spacious feel
- High ceilings painted black

5

- Framed company advertisements used as wall hangings
- Heavy emphasis on sports and televisions
- Nightly promotions
- Playful, casual block letters on signs and menus
- Use of the phrase "grill and bar" rather than the typical phrase "bar and grill"

20. Buffalo Wild Wings has used its distinctive Trade Dress continuously and exclusively in connection with its restaurant and franchise services since at least as early as 2005, and many elements substantially earlier.

21. As a result of Buffalo Wild Wings' use of the Trade Dress, and through its efforts to promote its look and feel, the Trade Dress has gained widespread public recognition, and has become a highly valuable asset representing substantial good will.

22. Buffalo Wild Wings' Trade Dress is inherently distinctive and customers rely upon it to differentiate the source of services.

## BUFFALO WINGS & RINGS' WRONGFUL CONDUCT

23. Buffalo Wings & Rings is a franchisor of sit down family restaurants specializing in chicken wings like its well known competitor, Buffalo Wild Wings.

24. Upon information and belief, DOES are franchisees of Buffalo Wings & Rings who operate sit down family restaurants specializing in chicken wings under the direction of Defendant Buffalo Wings & Rings.

25. On information and belief, Buffalo Wings & Rings had a take-out format when it first began operating in the late 1980's and operated in a limited geographic area in and around Ohio.

6

26. At its inception, Buffalo Wings & Rings applied for and obtained U.S. Registration No. 1,567,637 for the design mark that appears below.



27. The number of Buffalo Wings & Rings restaurants dwindled to six in the early 2000's.

28. Buffalo Wings & Rings subsequently went through a Chapter 11 bankruptcy.

29. In 2005, Buffalo Wings & Rings was acquired by its present owners, who began visiting Buffalo Wild Wings' locations, looking closely at Buffalo Wild Wings' operations and, more importantly, the successful look and feel associated with Buffalo Wild Wings' restaurants.

30. Buffalo Wings & Rings embarked on a plan to emulate its successful competitor in an effort to trade upon the good will associated with the BUFFALO WILD WINGS Trademarks and Trade Dress. Since that time, Buffalo Wings & Rings has taken steps to become more and more like Buffalo Wild Wings, including changing the format of its restaurants to a family sit down restaurant and sports bar like Buffalo Wild Wings.

31. Confusion began to occur after Buffalo Wings & Rings began using the phrase BUFFALO WINGS & RINGS as a name for franchises operating with a format, look and feel similar to that of Buffalo Wild Wings.

32. In 2007, Buffalo Wings & Rings' CEO stated that "***Buffalo Wings & Rings is easily confused with category leader, Buffalo Wild Wings of Minneapolis . . . Both concepts even include a buffalo in their logos.***"

33. Despite the confusion acknowledged by its President, Buffalo Wings & Rings continues to adopt changes that make it more, not less, like Buffalo Wild Wings.

34. For example, Buffalo Wings & Rings adopted a new color scheme for its restaurants that places heavy emphasis on the color yellow, long an important part of the Buffalo Wild Wings Trade Dress.

35. The following photos from Buffalo Wings & Rings' website depict its "prototype" building, dining area and bar area, each prominently using the color yellow:





36. Buffalo Wings & Rings has also begun emulating other aspects of Buffalo Wild Wings' Trade Dress, including but not limited to stylized buffalo images, logos, interior decorations, emphasis on sports & televisions, nightly promotions, and the lettering/font used in Buffalo Wild Wings' menus and signs. Examples appear below.











37. Buffalo Wings & Rings has copied Buffalo Wild Wings' drink and food specials, such as "mug night," "all you can eat night," "$.49 cent boneless wings," "half off appetizers," and "first 100 visitors get wings for a year."

38. Buffalo Wings & Rings has even copied Buffalo Wild Wings' use of the term "Grill & Bar," using "Grill & Bar" rather than the more conventional term "Bar & Grill," to emulate BUFFALO WILD WINGS GRILL & BAR® restaurants.

9

39. In deciding to pick a new look for its franchise, Buffalo Wings & Rings had a palette of options, constrained only by the unlimited reach of the human mind's creativity. Instead of creating its own look, Buffalo Wings & Rings chose to emulate the Buffalo Wild Wings Trade Dress.

40. Buffalo Wings & Rings' and DOES' actions are likely to cause consumers to erroneously believe that Buffalo Wings & Rings' restaurant and franchise services are associated with or emanate from Buffalo Wild Wings.

41. Numerous instances of actual confusion have occurred as the result of the wrongful conduct by Buffalo Wings & Rings and the DOES. Examples of confusion include:

 a. Buffalo Wild Wings managers have mistakenly received consumer complaints about service provided at Buffalo Wings & Rings' restaurants;

 b. Buffalo Wild Wings restaurants have received from consumers black and yellow coupons issued by Buffalo Wings & Rings;

 c. A laptop ordered by a Buffalo Wild Wings manager was delivered to a Buffalo Wings & Rings restaurant;

 d. Job applicants for a soon-to-open Buffalo Wings & Rings restaurant came to a Buffalo Wild Wings restaurant by mistake;

 e. Buffalo Wild Wings has received consumer phone calls for Buffalo Wings & Rings;

 f. Buffalo Wild Wings has received vendor deliveries intended for Buffalo Wings & Rings;

g. Consumers calling directory assistance for a Buffalo Wild Wings restaurant phone number have been provided a Buffalo Wings & Rings restaurant phone number;

h. Buffalo Wild Wings has received consumer calls for takeout orders for Buffalo Wings & Rings;

i. Restaurant location finders for Buffalo Wild Wings restaurants have provided consumers with directions to Buffalo Wings & Rings restaurants; and

j. Chicago radio disk jockeys have confused – on air – Buffalo Wild Wings and Buffalo Wings & Rings.

42. Buffalo Wings & Rings does not own a U.S. trademark registration for BUFFALO WINGS & RINGS.

43. Despite not owning a U.S. trademark registration for BUFFALO WINGS & RINGS, Buffalo Wings & Rings is using the trademark registration symbol ("®") in connection with BUFFALO WINGS & RINGS.

44. Buffalo Wild Wings demanded that Buffalo Wings & Rings cease using the trademark registration symbol in connection with BUFFALO WINGS & RINGS, but Buffalo Wings & Rings has continued to use the trademark registration symbol.

45. Buffalo Wings & Rings' unauthorized use of the name BUFFALO WINGS & RINGS is infringing Buffalo Wild Wings' trademark rights in its BUFFALO WILD WINGS Trademarks.

46. Buffalo Wings & Rings unauthorized use of trade dress described above creates a likelihood of confusion with the Buffalo Wild Wings Trade Dress.

47. Buffalo Wild Wings has made repeated demands that Buffalo Wings & Rings stop its wrongful and harmful behavior. However, Buffalo Wings & Rings and DOES continue to take advantage of the good will and quality associated with Buffalo Wild Wings' marks, goods and services to intentionally confuse consumers.

48. The foregoing allegations are incorporated in the claims below.

## COUNT ONE
## Trademark Infringement In Violation of Section 32 of the Lanham Act

49. Buffalo Wings & Rings' and DOES' conduct described in the foregoing paragraphs constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act.

50. Buffalo Wings & Rings' and DOES' conduct is causing, and will continue to cause, irreparable harm to Buffalo Wild Wings unless it is enjoined by this Court.

51. On information and belief, Buffalo Wings & Rings and DOES acted deliberately and willfully in attempt to trade upon the goodwill associated with the BUFFALO WILD WINGS Trademarks.

52. Buffalo Wild Wings has suffered damages as a result of Buffalo Wings & Rings' and DOES' infringement in an amount to be proven at trial.

53. The Court should further find that this is an exceptional case under 15 U.S.C. § 1117 and award Buffalo Wild Wings treble damages and attorneys' fees.

## COUNT TWO
## Trade Dress Infringement In Violation of Section 43(a) of the Lanham Act

54. Buffalo Wings & Rings' and DOES' conduct described in the foregoing paragraphs constitutes unauthorized use in commerce, in connection with goods or services, of words, terms, names, symbols or devices or combinations thereof, or false designation of origin, false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Buffalo Wings & Rings with Buffalo Wild Wings, or as to the origin, sponsorship, or approval of Buffalo Wings & Rings' services by Buffalo Wild Wings, in violation of 15 U.S.C. § 1125(a).

55. Buffalo Wings & Rings' and DOES' conduct described in the foregoing paragraphs constitutes use in commerce, in connection with goods or services, of words, terms, names, symbols or devices or combinations thereof, or false designation of origin, false or misleading representation of fact which is used in commercial advertising or promotion and misrepresents the nature, characteristics, and qualities of the goods and/or services and commercial activities of Buffalo Wings & Rings in violation of 15 U.S.C. § 1125(a).

56. On information and belief, Buffalo Wings & Rings and DOES acted deliberately and willfully in attempt to trade upon the goodwill associated with the BUFFALO WILD WINGS Trademarks and/or Trade Dress.

57. Buffalo Wings & Rings' and DOES' conduct is causing, and will continue to cause, irreparable harm to Buffalo Wild Wings unless it is enjoined by this Court.

58. Buffalo Wild Wings has suffered damages as a result of Buffalo Wings & Rings' and DOES' infringement in an amount to be proven at trial.

59. The Court should further find that this is an exceptional case under 15 U.S.C. § 1117 and award Buffalo Wild Wings treble damages and attorneys' fees.

### COUNT THREE
### False Marking

60. Buffalo Wings & Rings does not own a U.S. trademark registration for BUFFALO WINGS & RINGS.

61. Despite not owning a U.S. trademark registration for BUFFALO WINGS & RINGS, Buffalo Wings & Rings is using the trademark registration symbol ("®") in connection with BUFFALO WINGS & RINGS.

62. Buffalo Wild Wings demanded that Buffalo Wings & Rings cease using the trademark registration symbol in connection with BUFFALO WINGS & RINGS, but Buffalo Wings & Rings has continued to use the trademark registration symbol.

63. On information and belief, Buffalo Wings & Rings' improper use of the trademark registration symbol was done with intent to deceive the purchasing public or others in the trade into believing that BUFFALO WINGS & RINGS is a registered trademark.

64. Buffalo Wings & Rings' conduct is causing, and will continue to cause, irreparable harm to Buffalo Wild Wings unless it is enjoined by this Court.

65. Buffalo Wings & Rings' above-described conduct in intentionally misusing the registration symbol in an effort to deceive the public, despite warning, is a fraudulent

misuse of the registration notice in connection with an unregistered mark in violation of the provisions of 15 U.S.C. §1111, and is grounds for cancelling registrations and refusing registration of pending applications.

## COUNT FOUR
### Refuse Registration of Word Mark Application

66. Buffalo Wings & Rings has applied to register BUFFALO WINGS & RINGS with the United States Patent & Trademark Office, Application Serial No. 77/340,910.

67. Buffalo Wild Wings has opposed the application.

68. There is a close nexus between the issues in this dispute and the issues in the pending application proceeding.

69. This Court has the authority to determine whether Buffalo Wings & Rings is entitled to a registration under 15 U.S.C. § 1119.

70. Because of Buffalo Wings & Rings' use of the name BUFFALO WINGS & RINGS is confusing the public, the Court should direct the United States Patent and Trademark Office to refuse registration of the mark in Application Serial No. 77/340,910.

71. Buffalo Wings & Rings' above-described conduct in intentionally misusing the registration symbol in an effort to deceive the public, despite warning, is a fraudulent misuse of the registration notice in connection with an unregistered mark is a violation of the provisions of 15 U.S.C. §1111, and is also grounds for denying the registration.

72. The Court should direct the United States Patent and Trademark Office to refuse registration of the mark in Application Serial No. 77/340,910.

## COUNT FIVE
### Refuse Registration of Design Mark Applications

73.  Buffalo Wings & Rings has applied to register with the United States Patent & Trademark Office the following design marks:

  

| Application Serial No. 77/346,357 | Application Serial No. 77/346,350 | Application Serial No. 77/346,342 |

74.  The applications do not specify any particular color or color(s).

75.  Buffalo Wild Wings has opposed the applications.

76.  There is a close nexus between the issues in this dispute and the issues in the pending application proceeding.

77.  This Court has the authority to determine whether Buffalo Wings & Rings is entitled to registration of the above design marks under 15 U.S.C. § 1119.

78.  Because Buffalo Wings & Rings' use of the above design marks creates a likelihood of confusion with the BUFFALO WILD WINGS Trademarks and/or Trade Dress, the Court should direct the United States Patent and Trademark Office to refuse registration of the trademarks in Serial Nos. 77/346,357, 77/346,350, and 77/346,342.

## COUNT SIX
### Violation of Minnesota Deceptive Trade Practices Act

79.  The BUFFALO WILD WINGS Trademarks are trademarks as defined in Minn. Stat. § 325D.43.

80. Buffalo Wild Wings' Trade Dress is a trademark as defined in Minn. Stat. § 325D.43.

81. The conduct described above by Buffalo Wings & Rings and DOES is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

82. The conduct described above by Buffalo Wings & Rings and DOES is likely to cause confusion or misunderstanding as to any affiliation, connection, or association between Buffalo Wild Wings and Buffalo Wings & Rings.

83. Buffalo Wings & Rings' and DOES' actions violate Minn. Stat. § 325D.44.

84. On information and belief, Buffalo Wings & Rings and DOES have willfully engaged in the above-described trade practices, knowing them to be deceptive.

85. As a result of Buffalo Wings & Rings' and DOES' conduct, Buffalo Wild Wings is entitled to an injunction and attorneys' fees under Minn. Stat. § 325D.45.

## COUNT FIVE
### Unfair Competition

86. Buffalo Wings & Rings' and DOES' actions constitute unfair competition.

87. Buffalo Wild Wings has been damaged as a result of Buffalo Wings & Rings' unfair competition in an amount to be proven at trial.

## JURY DEMAND

88. Buffalo Wild Wings demands a jury trial.

**WHEREFORE**, Buffalo Wild Wings asks the Court to:

1. Enter judgment in favor of Buffalo Wild Wings in an amount to be proven at trial;

2. Enjoin Buffalo Wings & Rings and its officers, directors, managing agents and franchisees from:

   (a) Using the name BUFFALO WINGS & RINGS or any other name that is confusingly similar to Buffalo Wild Wings' Trademarks;

   (b) Using trade dress that is confusingly similar to Buffalo Wild Wings' Trade Dress, either alone or in combination with the BUFFALO WILD WINGS Trademarks; and

   (c) Using the "®" symbol in connection with words or symbols that are not registered with the United States Patent and Trademark Office.

3. Direct the United States Patent and Trademark Office to refuse to register BUFFALO WINGS & RINGS in Buffalo Wings & Rings' Application Serial No. 77/340,910).

4. Direct the United States Patent and Trademark Office to refuse to register the design marks in Buffalo Wings & Rings' Application Serial Nos. 77/346,357, 77/346,350, and 77/346,342.

5. Award Buffalo Wild Wings the costs and attorneys' fees incurred in this action;

6. Award enhanced damages under 15 U.S.C. § 1117(a) because of the willful nature of the infringement; and

7. Grant any other relief the Court deems just and equitable.

Dated:  June 16, 2009

   s/Lora M. Friedemann
Lora M. Friedemann (#259615)
lfriedemann@fredlaw.com
Joshua R. Williams (#389118)
jwilliams@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Phone: (612) 492-7000
Fax: (612) 492-7077

**ATTORNEYS FOR PLAINTIFF
BUFFALO WILD WINGS, INC.**

4571829 v2