UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Buffalo Wild Wings, Inc., a Minnesota corporation,<br><br>        Plaintiff,<br>v.<br><br>Buffalo Wings & Rings, LLC, and DOES 1-95,<br><br>        Defendants. | Civil Action No. 09-cv-01426-JMR-SRN<br><br><br><br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |

## ANSWER TO COMPLAINT

Defendant Buffalo Wings & Rings, LLC, without waiving its right to challenge personal jurisdiction, for its answer to the Complaint:

1. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 1 and therefore denies same.

2. Admits.

3. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 3 and therefore denies same.

4. States that the allegations of paragraph 4 are conclusions of law to which no response is required, except that Buffalo Wings & Rings denies any wrongful attempt by it to mislead the consuming public by capitalizing on Buffalo Wild Wings' valuable trademark and trade dress rights.

## JURISDICTION AND VENUE

5. Buffalo Wings & Rings admits that plaintiff purports to state causes of action under the United States Lanham Act and the Minnesota Deceptive Trade Practices

Act but otherwise states that the allegations of paragraph 5 are conclusions of law to which no response is required.

6.     Admits.

## BUFFALO WILD WINGS' TRADEMARK RIGHTS

7.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 7 and therefore denies same.

8.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 8 and therefore denies same.

9.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 9 and therefore denies same.

10.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 10 and therefore denies same.

11.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 11 and therefore denies same.

12.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 12 a through, and including, j and therefore denies same.

13.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 13 a through, and including, b and therefore denies same.

14.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 14 and therefore denies same.

15.     Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 15 and therefore denies same.

16. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 16 and therefore denies same.

17. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 17 and therefore denies same.

## BUFFALO WILD WINGS' TRADE DRESS

18. Denies.

19. Denies.

20. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 20 and therefore denies same.

21. Denies.

22. Denies.

## BUFFALO WINGS & RINGS' WRONGFUL CONDUCT

23. Defendant admits that it is a franchisor of family restaurants; that such restaurants offer seating to patrons; and that such restaurants offer chicken wings as a menu item, but denies all remaining allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 24 and therefore denies same.

25. Denies.

26. Denies, except that defendant admits that defendant is owner, by assignment of U.S. Registration No. 1,567,637 for the design depicted at paragraph 26 of the Complaint.

27. Admits.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

41. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 41 a through, and including, j and therefore denies same.

42. Denies.

43. Denies.

44. Admits.

45. Denies.

46. Denies.

47. Admits Buffalo Wild Wings has made repeated demands that Buffalo Wings & Rings stop its alleged wrongful and harmful behavior, but denies all remaining allegations set forth in paragraph 47 of the Complaint.

48.     Buffalo Wings & Rings repeats its answers to allegations set forth in paragraphs 1-47 above to the Complaint, as though fully set forth herein.

## COUNT ONE
## Trademark Infringement In Violation of Section 32 of the Lanham Act

49.     Denies.

50.     Denies.

51.     Denies.

52.     Denies.

53.     Denies.

## COUNT TWO
## Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act

54.     Denies.

55.     Denies.

56.     Denies.

57.     Denies.

58.     Denies.

59.     Denies.

## COUNT THREE
## False Marking

60.     Denies.

61.     Denies.

62.     Admits.

63.     Denies.

64.     Denies.

65.     Denies.

## COUNT FOUR
### Refuse Registration of Word Mark Application

66.  Admits.

67.  Admits.

68.  States that the allegations of paragraph 68 are conclusions of law to which no response is required.

69.  Admits.

70.  Denies.

71.  Denies.

72.  Denies.

## COUNT FIVE
### Refuse Registration of Design Mark Applications

73.  Admits.

74.  Admits.

75.  Admits.

76.  States that the allegations of paragraph 76 are conclusions of law to which no response is required.

77.  Admits.

78.  Denies.

## COUNT SIX
### Violation of Minnesota Deceptive Trade Practices Act

79.  Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 79 and therefore denies same.

80.  Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations of paragraph 80 and therefore denies same.

81.  Denies.

82. Denies.

83. Denies.

84. Denies.

85. Denies.

### COUNT FIVE [sic]
### Unfair Competition

86. Denies.

87. Denies.

### JURY DEMAND

88. Defendant hereby demands a jury trial on all claims and counterclaims.

### First Separate Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Separate Defense

If Buffalo Wings & Rings infringed or violated any rights of plaintiff, it did so innocently.

### Third Separate Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### Fourth Separate Defense

Each and every act of Buffalo Wings & Rings alleged by plaintiff to infringe plaintiff's alleged trademarks and trade dress constitutes fair use.

### Fifth Separate Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Sixth Separate Defense

Plaintiff's claims are barred in whole or in part by the doctrine waiver.

### Seventh Separate Defense

Plaintiff's claims are barred in whole or in part by doctrine of acquiescence.

### Eighth Separate Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Ninth Separate Defense

Plaintiff lacks standing, in whole or in party, to assert the claims made in the complaint.

### Tenth Separate Defense

Plaintiff has failed to attain requisite distinctiveness in some or all of its alleged trademarks and trade dress because (a) plaintiff is not the exclusive user of any such trademarks and trade dress, (b) such trademarks and trade dress are functional and do not serve as identifications of source of goods and/or services emanating from plaintiff, and/or (c) the relevant class of consuming public does not recognize such trademarks and trade dress as identifications of source.

### Right to Assert Additional Defenses

Due to the vague and ambiguous nature of the Complaint, Buffalo Wings & Rings cannot ascertain at this time whether additional, but as-yet unstated, defenses may be available. Accordingly, Buffalo Wings & Rings reserves the right to assert additional defenses in the event that such defenses become apparent through discovery.

### DECLARATORY JUDGMENT COUNTERCLAIMS

Buffalo Wings & Rings counterclaims against counterdefendant Buffalo Wild Wings, Inc. as follows:

89. This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 (federal question), 15 U.S.C. § 1121(a) (federal trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

90. To the extent that venue is proper in this district for counterdefendant's claims, venue is proper in this district for Buffalo Wings & Rings' counterclaims pursuant to 28 U.S.C. § 1391.

91. Buffalo Wings & Rings is an Ohio limited liability company having its principal place of business in Cincinnati, Ohio.

92. Upon information and belief, counterdefendant Buffalo Wild Wings, Inc. is a Delaware corporation having its principal place of business in Minneapolis, Minnesota.

### First Counterclaim:
### Non-Infringement of Service Mark and Trade Dress
### and Non-Violation of Minn. Stat. § 325D.44

93. Buffalo Wings & Rings realleges and incorporates herein by this reference Paragraphs 1 through 92 of this Answer and Counterclaim as though fully set forth herein.

94. By the filing of its Complaint, counterdefendant has purported to put Buffalo Wings & Rings on notice of, and has asserted one or more claims for alleged infringement of, counterdefendant's alleged trademarks, service marks and trade dress.

95. By the filing of its Complaint, counterdefendant also has purported to put Buffalo Wings & Rings on notice of, and has asserted one or more claims for deceptive trade practices under Minn. Stat. § 325D.44.

96. Buffalo Wings & Rings has denied counterdefendant's claims of infringement and believes that the Complaint was filed in bad faith and/or for an improper purpose.

97. Buffalo Wings & Rings has not infringed and is not now infringing, either directly, indirectly, or contributorily, any alleged trademarks, service marks and/or trade dress of counterdefendant.

98. Buffalo Wings & Rings has denied counterdefendant's claims of deceptive trade practices.

99. Buffalo Wings & Rings believes that counterdefendant's claim for deceptive trade practices was known by counterdefendant to be groundless when filed.

100. Buffalo Wings & Rings has a real and reasonable apprehension that it would be subject to liability if it continues its present and planned business activities.

101. Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

102. Buffalo Wings & Rings is entitled to judgment from this Court finding that its conduct and activities have not and do not infringe any alleged trademarks, service marks and/or trade dress of counterdefendant.

103. As this is an exceptional case within the provisions of 15 U.S.C. § 1117(a), Buffalo Wings & Rings is entitled to an award of its reasonable attorneys' fees.

104. Buffalo Wings & Rings is entitled to judgment from this Court finding that its conduct and activities did not and do not violate Minn. Stat. § 325D.44.

105. Buffalo Wings & Rings is entitled to an award of its costs and attorneys' fees under Minn. Stat. § 325D.45.

## Second Counterclaim:
## Invalidity of Buffalo Wild Wings' Trade Dress

106. Buffalo Wings & Rings realleges and incorporates herein by this reference Paragraphs 1 through 105 of this Answer and Counterclaim as though fully set forth herein.

107. By the filing of its Complaint, counterdefendant has purported to asserted one or more claims alleging validity of certain"trade dress" rights as more particularly described and identified in paragraphs 18 through and including 22 of the Complaint (hereinafter referred to as "Trade Dress").

108. Buffalo Wings & Rings has denied infringement of counterdefendant's alleged Trade Dress and believes that such Trade Dress is invalid because such it is not distinctive, not continuously or exclusively used by counterdefendant in connection with goods and services emanating from it, and/or is functional and does not serve a source-identifying function.

109. Buffalo Wings & Rings has a real and reasonable apprehension that it would be subject to liability if it continues its present and planned business activities.

110. Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

111. Buffalo Wings & Rings is entitled to judgment from this Court finding counterdefendant's alleged Trade Dress to be invalid.

**WHEREFORE**, Buffalo Wings & Rings requests that judgment be entered:

(A) Dismissing plaintiffs' claims against Buffalo Wings & Rings in their entirety, with prejudice;

(B) That the Court find that plaintiff is not entitled to any of its requested relief, or any relief whatsoever;

(C) That the Court declare that Buffalo Wings & Rings has not infringed or contributed to the infringement of any alleged trademark(s), service mark(s), and trade dress of plaintiff and counterdefendant.

(D) That the Court declare that Buffalo Wings & Rings has not violated Minn. Stat. § 325D.45.

(E) That the Court declare plaintiff's and counterdefendant's Trade Dress to be invalid.

(F) Awarding Buffalo Wings & Rings its reasonable attorneys' fees and costs and disbursements of this action; and

(G) Awarding Buffalo Wings & Rings such other and further relief as the Court deems just and proper.

Dated this 10th day of July, 2009.              MAKI AND OVEROM, CHARTERED

/s/ Robert C. Maki
ROBERT C. MAKI - Atty. #0066771
SHAWN B. REED – Atty. #0279043
31 West Superior Street, Suite 402
Duluth, Minnesota 55802
Tel: (218) 726-0805
Fax: (218) 726-0823
e-mail: bmaki@makiandoverom.com
*Attorneys for Buffalo Wings & Rings, LLC*