UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Buffalo Wild Wings, Inc.,　　　　　　　　　　Civil Action 09-CV-1426 (JMR/SRN)
a Minnesota corporation,

　　　　　Plaintiff,

v.

Buffalo Wings & Rings, LLC,
an Ohio limited liability company,
and DOES 1-95,

　　　　　Defendants.

---

### REPORT OF PARTIES' RULE 26(f) MEETING

---

The pretrial conference in this matter is scheduled for **September 2, 2009 at 4:00 p.m.** before the Honorable Susan Richard Nelson, Suite 9E, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. The counsel identified below participated in an initial meeting required by Fed. R. Civ. P. 26(f), on July 28, 2009 and prepared the following report.

**1.　Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

　　a.　The date and place at which the meeting was held.

**The parties met by telephone on July 28, 2009.**

b.    Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting;

**Plaintiff**

**Plaintiff Buffalo Wild Wings, Inc. owns, operates and franchises Buffalo Wild Wings Grill & Bar® restaurants. Buffalo Wild Wings is a family sit-down restaurant and sports bar featuring chicken wings and other boldly-flavored menu items. Buffalo Wild Wings began doing business in 1982, and has grown to over 590 Buffalo Wild Wings Grill & Bar® restaurants in 40 states. Buffalo Wild Wings is a Minnesota corporation with its principal place of business at 5500 Wayzata Boulevard, Suite 1600, Minneapolis, Minnesota.**

**Attorney Representing Plaintiff**

**Lora M. Friedemann (#259615)**
**lfriedemann@fredlaw.com**
**FREDRIKSON & BYRON, P.A.**
**4000 Pillsbury Center**
**200 South Sixth Street**
**Minneapolis, MN 55402-1425**
**Phone: (612) 492-7000**
**Fax: (612) 492-7077**

**Defendant**

**Defendant Buffalo Wings & Rings, LLC is an Ohio limited liability company. Buffalo Wings & Rings, through its predecessor in interest to its WINGS & RINGS and BUFFALO WINGS & RINGS trademarks and associated goodwill, began doing business in 1984 in Florida and presently franchises approximately 50 family-style restaurants and sports bars. Use of its mark BUFFALO WINGS & RINGS commenced in approximately 1988 and its BUFFALO WINGS & RINGS and Design service mark is the subject of incontestable United States Service Mark Registration No. 1,567,637 which issued on November 21, 1989. Buffalo Wings & Rings, LLC's principal place of business is 564 Old State Route 74, Cincinnati, Ohio 45244.**

**Attorney Representing Defendant**

**Kevin P. Hickey**
**khickey@bassford.com**
**BASSFORD REMELE, A Professional Association**
**33 S. 6th Street, Suite 3800**
**Minneapolis, MN 55402**
**Phone: (612) 376-1620**
**Fax: (612) 746-1220**

  c. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

**Nationwide Insurance Company**

  d. An agenda of matters to be discussed at the Pretrial Conference.

**Discovery of electronically-stored information**

**Dispute reflected in paragraph 4(f) below**

**Protective order**

  **2.** **Description of Case**

  a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

**This is an action for trademark infringement, trade dress infringement, false marking, determining the registrability of pending trademark applications, deceptive trade practices and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1114 *et seq*., the Minnesota Deceptive Trade Practices Act (Minn. Stat. §§ 325D.44-45) and the common law. The Court has jurisdiction under 28 U.S.C. § 1338(a) and (b), and 1367.**

**Defendant's first counterclaim seeks a declaratory judgment that Buffalo Wings & Rings activities do not infringe plaintiff's trademarks and trade dress nor constitute false marking, deceptive trade practice and unfair state and federal laws. Defendant's second counterclaim seeks a declaratory judgment of invalidity of plaintiff's alleged trade dress rights. Both of**

3

**defendant's counterclaims arise under the United States Declaratory Judgment Act, 28 U.S.C. § 2201.**

   b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

**Plaintiff**

**Buffalo Wild Wings owns a United States trademark registration for the mark BUFFALO WILD WINGS, as well as several other registrations incorporating the term BUFFALO WILD WINGS.  Buffalo Wild Wings also owns a distinctive trade dress that creates the unique look and feel of Buffalo Wild Wings restaurants.  (Hereafter collectively "Buffalo Wild Wings Trademarks.")  Buffalo Wild Wings has invested substantial resources to develop brand equity, public recognition, and goodwill in the Buffalo Wild Wings Trademarks.**

**Buffalo Wings & Rings ("BWR") is a franchisor of sit down family restaurants specializing in chicken wings like Buffalo Wild Wings.  The John Doe Defendants are BWR franchisees whose identities are currently unknown to Buffalo Wild Wings.**

**In 2005, BWR was acquired by its present owners, who began visiting Buffalo Wild Wings' locations, looking closely at Buffalo Wild Wings' operations and, more importantly, the successful look and feel associated with Buffalo Wild Wings' restaurants.  BWR embarked on a plan to emulate its successful competitor in an effort to trade upon the good will associated with the Buffalo Wild Wings Trademarks.  Since that time, BWR has taken steps to become more and more like Buffalo Wild Wings.  Numerous instances of actual confusion have occurred as the result of BWR's use of trademarks and trade dress confusingly similar to Buffalo Wild Wings' trademarks and trade dress.**

**Buffalo Wild Wings has asserted claims against BWR & the John Doe defendants for trademark infringement, trade dress infringement, false marking, violation of the Minnesota Deceptive Trade Practices Act and unfair competition.  In addition, Buffalo Wild Wings has asked the court to exercise its authority under 15 U.S.C. § 1119 to declare that BWR is not entitled to various trademark registrations BWR has sought from the U.S. Patent and Trademark Office.**

4

**Defendant**

**Defendant and its predecessors in interests have been using the marks BUFFALO WINGS & RINGS, BUFFALO WINGS & RINGS and Design and a sit-down restaurant from the mid-1980s. Defendant has no restaurants, offices, property or employees in Minnesota and contests personal jurisdiction. The term "BUFFALO WINGS" is a generic expression for a type of cooked chicken wing, purportedly originating from one or more restaurants in Buffalo, New York.**

**In the late 1980s, defendant's predecessor in interest employed the below mark in connection with restaurant franchises operating in Illinois, Indiana, Kentucky, New Mexico and Ohio and was at that time offering franchises in other states:**



**Defendant Buffalo Wings & Rings has continued to use the mark up until the present and progressively phased-in its modified mark shown below:**



**Plaintiff and Defendant have co-existed peacefully for more than twenty (20) years until Plaintiff began objecting in 2008 to several of Defendant's applications for United Service Mark Registration which sought registration of a slightly modified version of defendant's mark BUFFALO WINGS & RINGS and Design which had been in use from the mid-1980s. Plaintiffs original objection to defendant's service mark applications was that, because**

**the drawings in the defendant's service mark applications did not claim a particular color, that the possibility existed that defendant could use the color yellow—a color which plaintiff contended that it has a right to use in connection with restaurant services.  In the interest of settling what appeared to defendant to be a trivial dispute, defendant agreed to modify its mark and application to eliminate yellow as a predominant color.  Plaintiff's attorneys reviewed defendant's mark as modified and stated that the redesigned mark was "acceptable".  Relying upon plaintiff's statement that the defendant's redesigned mark was acceptable, defendant modified all of its signs, menus, advertising and marketing materials and incurred significant cost and expense in so doing.**

**In view of all the foregoing, defendant contends that doctrines of acquiescence, waiver, laches and estoppel bar all of plaintiff's claims for relief.  Further, defendant contends that there exists no likelihood of confusion between plaintiff's and defendant's respective marks and, if any confusion does exists, it arises from competing use of a generic term "buffalo wings" which is not subject to exclusive appropriation for use in connection with restaurant services or the like.**

**Finally, defendant contends that plaintiff does not have a valid right to trade dress in commonly-used and functional restaurant marketing items such as multiple television sets, black ceilings, framed company advertisements as wall hangings, yellow-colored walls, wide open interiors, nightly promotions, emphasis on sports, use of expressions "bar & grill" or "grill & bar" and the like.**

        c.    A summary itemization of the dollar amount of each element of the alleged damages.

**Buffalo Wild Wings is seeking damages sufficient to compensate for BWR's infringement.  Buffalo Wild Wings needs discovery from BWR before the amount of Buffalo Wild Wings' damages can be ascertained.  Buffalo Wild Wings also seeks enhanced damages due to the willful nature of the infringement and attorneys fees.**

**Buffalo Wings & Rings is seeking recovery of its attorneys' fees, costs and expenses in defending this legal action which, to date, cannot be determined.**

### 3. **Pleadings**

a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings.

**Buffalo Wings & Rings has been served and Buffalo Wild Wings has replied to Buffalo Wings & Rings' declaratory judgment counterclaims. Buffalo Wild Wings anticipates amending its complaint to name Buffalo Wings & Rings franchisees once they have been identified through discovery.**

**Buffalo Wings & Rings does not intend to amend its pleadings unless plaintiff files an amended complaint.**

b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

**November 1, 2009**

c. Whether a jury trial is available under the law, and whether a jury trial ahs been timely demanded.

**A jury trial is available and has been demanded.**

### 4. **Discovery Plan**. 
(If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay.

a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

**August 31, 2009**

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is completed.

**The parties believe that settlement efforts are most likely to be productive after discovery is completed and any dispositive motions are filed.**

       c.     Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

**The parties do not believe that phased, limited/focused discovery will be useful in this case.**

       d.     The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B):

**Deadline for disclosure of the identity of experts by the party with the burden of proof: <u>March 1, 2010</u>.**

**Deadline for disclosure of the identity of experts by the responding party: <u>April 1, 2010</u>.**

**Deadline for disclosure of the substance of the expert's opinions by the party with the burden of proof: <u>April 15, 2010</u>.**

**Deadline for disclosure of the substance of the expert's opinions by the responding party: <u>May 31, 2010</u>.**

       e.     The number of interrogatories each party shall be permitted to serve;

**Buffalo Wild Wings may serve 50 interrogatories on BWR and 25 interrogatories on each BWR franchisee (the John Doe defendants).**

**BWR may serve 50 interrogatories.**

       f.     The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; and

**<u>Plaintiff's Proposal</u>**

**Plaintiff may conduct a one-day deposition of each franchisee named as a defendant in this action and up to ten additional depositions.**

**Defendants as a group may conduct up to ten depositions.**

**<u>Defendant's Proposal</u>**

**Defendant does not believe the Court should include non-parties who are not represented in the discovery plan. If the Court is going to include non-**

8

**parties, Defendant proposes that Plaintiff may conduct a one-day deposition of each franchisee named as a defendant in this action and up to ten additional depositions.**

**The defendant may conduct up to ten depositions. Each additional franchisee defendant may conduct an additional one-day deposition.**

      g.    The number of expert depositions each party shall be permitted to take.

**Every expert who submits a report may be deposed.**

      **5.    <u>Close of Discovery and Non-Dispositive Motions.</u>**

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

    **July 1, 2010: All discovery, subject to the provisions herein, will be commenced in time to be completed by July 1, 2010.**

      **6.    <u>Dispositive Motions and Trial</u>**

      a.    Date by which all dispositive motions shall be served and filed.

**August 1, 2010**

      b.    Date by which case will be ready for trial.

**January 1, 2011 or following resolution of dispositive motions**

      c.    The number of expert witnesses each party expects to call at trial; and

**Buffalo Wild Wings intends to call three expert witnesses. BWR expects to call three expert witnesses.**

      d.    Estimated trial time (including jury selection and instructions, if applicable).

**Two weeks**

Dated:   August 21, 2009         s/Lora M. Friedemann
                                              Lora M. Friedemann (#259615)
                                              Joshua R. Williams (#389118)
                                              **FREDRIKSON & BYRON, P.A.**
                                              200 South Sixth Street, Suite 4000
                                              Minneapolis, MN  55402-1425
                                              Phone: (612) 492-7000
                                              Fax: (612) 492-7077

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **BUFFALO WILD WINGS, INC.**


Dated:   August 21, 2009         s/Kevin P. Hickey
                                              Kevin P. Hickey (License #202484)
                                              **BASSFORD REMELE**
                                              *A Professional Association*
                                              33 South Sixth Street, Suite 3800
                                              Minneapolis, MN  55402-3707
                                              (612) 333-3000

4608406