# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Buffalo Wild Wings, Inc.,                     Civil File No. 09-CV-1426 (JMR/SRN)
a Minnesota corporation,

            Plaintiff,

v.

Buffalo Wings & Rings, LLC,

            Defendant.

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Buffalo Wild Wings, Inc., for its Second Amended Complaint against Defendant
Buffalo Wings & Rings, LLC, states and alleges as follows:

### THE PARTIES

1.      Buffalo Wild Wings owns, operates, and franchises Buffalo Wild Wings
Grill & Bar® restaurants.  Buffalo Wild Wings is a Minnesota corporation with its
principal place of business in Minneapolis, Minnesota.

2.      Upon information and belief, Buffalo Wings & Rings is an Ohio limited
liability company with its principal place of business in Cincinnati, Ohio.

3.      Buffalo Wild Wings brings this lawsuit because of Buffalo Wings & Rings'
wrongful attempts to mislead the consuming public by capitalizing on Buffalo Wild
Wings' valuable trademark and trade dress rights.

+

## JURISDICTION AND VENUE

4.     This is an action for trademark infringement, trade dress infringement, false marking, determining the registrability of pending trademark applications, correcting the register for Registration No. 1,567,637, deceptive trade practices and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1114 *et seq*., the Minnesota Deceptive Trade Practices Act (Minn. Stat. §§ 325D.44-45) and the common law.

5.     The Court has jurisdiction under 28 U.S.C. § 1338 (a) and (b), and 1367. Venue is proper under 28 U.S.C. § 1391(b) and (c).

6.     The Court has personal jurisdiction over Buffalo Wings & Rings based on its conduct and business activities in the State of Minnesota and the commission of intentional torts in the State of Minnesota.

## BUFFALO WILD WINGS' TRADEMARK RIGHTS

7.     6. Buffalo Wild Wings began doing business in 1982, and has grown to over 590600 Buffalo Wild Wings Grill & Bar® restaurants in 40 states.  Buffalo Wild Wings is a family sit down restaurant and sports bar featuring chicken wings and other boldly-flavored menu items.

8.     7. Buffalo Wild Wings is one of the fastest growing restaurant franchises in the United States.

9.     8. Buffalo Wild Wings has received numerous awards for its concept, brand, advertising, food and service.

10.   9. During a period when many franchise restaurants have suffered losses, Buffalo Wild Wings continues to post profits and has been recognized in national media for its success.

11.   10. Buffalo Wild Wings has used the term "BUFFALO WILD WINGS" since 1982 and has incorporated that term in numerous trademarks.

12.   11. Buffalo Wild Wings owns the following United States trademark registrations incorporating the term "BUFFALO WILD WINGS," all of which are valid and subsisting:

a.   U.S. Registration No. 1,496,316 for the word mark BUFFALO WILD WINGS & WECK for use with restaurant services;

b.    U.S. Registration No. 2,239,550 for the word mark BUFFALO WILD WINGS for use with restaurant services;

c.    U.S. Registration No. 3,038,771 for the word mark BUFFALO WILD WINGS for use with sauces, namely, barbecue sauces;

d.    U.S. Registration No. 3038,772 for the word mark BUFFALO WILD WINGS for use with seasoning, namely, an ingredient for flavoring potato chips, popcorn, pretzels and peanuts;

e.   U.S. Registration No. 3,106,653 for the word mark BUFFALO WILD WINGS GRILL & BAR for use with restaurant services;

f.   U.S. Registration No. 3,038,769 for the word mark BUFFALO WILD WINGS GRILL & BAR for use with sauces, namely barbeque sauces;

g.      U.S. Registration No. 3,319,506 for the word mark BUFFALO

WILD WINGS EXPRESS for use with restaurant services;

h.      U.S. Registration No. 1,497,262 for

the design mark on the right for use with

restaurant services;

i.      U.S. Registration No. 2,187,765 for

the design mark on the right for use with

restaurant services; and

j.      U.S. Registration No. 3,038,770 for

the design mark on the right for use with

seasoning, namely, an ingredient for

flavoring potato chips, popcorn, pretzels and peanuts;

13.   12. Buffalo Wild Wings also owns the following United States trademark

applications incorporating the term "BUFFALO WILD WINGS:"

a.      U.S. Application Serial No. 77,654,679 for the word mark

BUFFALO WILD WINGS for use with franchise services, namely,

offering business management assistance in the establishment and operation

of restaurants; and

b.      U.S.     Application     Serial     No.

77/456,114 for the design mark on the right

for use with restaurant services; sauces,

4

namely, barbecue sauces; and franchise services, namely, offering business management assistance in the establishment and operation of restaurants.

14.    13. The Buffalo Wild Wings trademarks described in paragraphs 11 and 12 13 above are collectively referred to as the BUFFALO WILD WINGS Trademarks.

15.    14. Buffalo Wild Wings has continuously and prominently used the BUFFALO WILD WINGS Trademarks in connection with its business.

16.    15. Buffalo Wild Wings has invested substantial resources to develop brand equity, public recognition, and goodwill in the BUFFALO WILD WINGS Trademarks.

17.    16. As a result of these efforts, consumers associate the BUFFALO WILD WINGS Trademarks with Buffalo Wild Wings, and the marks are highly valuable assets representing substantial good will.

## BUFFALO WILD WINGS' TRADE DRESS

18.    17. In addition to the numerous trademarks BUFFALO WILD WINGS Trademarks identified above, Buffalo Wild Wings is the owner of inherently distinctive trade dress.

19.    18. Buffalo Wild Wings' non-functional trade dress consists of a combination of features that combine to create the unique look and feel of Buffalo Wild Wings restaurants.  Buffalo Wild Wings' trade dress includes, but is not limited to, the following elements (hereafter "Trade Dress"):

- Stylized buffalo images
- Prominent use of a buffalo images within a concentric circle
- Prominent use of the color yellow

- Wide open interior with a spacious feel
- ~~High ceilings painted black~~
- ~~Framed company advertisements used as wall hangings~~
- Heavy emphasis on sports and televisions
- Branded décor
- ~~Nightly~~Branded signature promotions
- ~~Playful, casual block letters on signs and menus~~Bold, branded font
- Use of ~~the phrase "grill and bar" rather than the typical phrase "bar and grill"~~bold patterns as design elements

20. ~~19.~~ Buffalo Wild Wings ~~has used its distinctive Trade Dress continuously and exclusively in connection with its restaurant and franchise services since at least as early as 2005, and many elements substantially earlier.~~ began using the Trade Dress no later than 2001.

21. ~~20.~~ As a result of Buffalo Wild Wings' use of the Trade Dress, and through its efforts to promote its look and feel, the Trade Dress has gained widespread public recognition, and has become a highly valuable asset representing substantial good will.

22. ~~21.~~ Buffalo Wild Wings' Trade Dress is inherently distinctive and customers rely upon it to differentiate the source of services.

## BUFFALO WINGS & RINGS' WRONGFUL CONDUCT

23. ~~22.~~ Buffalo Wings & Rings is a franchisor of sit down family restaurants specializing in chicken wings like its well known competitor, Buffalo Wild Wings.

24. ~~23. On information and belief,~~ Buffalo Wings & Rings ~~had a take-out format when it first began operating in the late 1980's~~ ~~and operated in a limited geographic area in and around Ohio.~~ began operations in February 2005.

25.   24. At its inception, A predecessor to Buffalo Wings & Rings applied for and obtained U.S. Registration No. 1,567,637 for the design mark that appears below.  On information and belief, the predecessor had a different concept and format, and operated in a limited geographic area.

26.   25. The number of Buffalo Wings & Rings restaurants operated by Defendant's predecessor dwindled to six eight in the early 2000's, all located in Ohio.

26.   Buffalo Wings & Rings subsequently went through a Chapter 11 bankruptcy.

27.   In 2005, Buffalo Wings & Rings was acquired by its present owners, who the predecessor.  Buffalo Wings & Rings then began visiting Buffalo Wild Wings' locations, looking closely at Buffalo Wild Wings' operations and, more importantly, the successful look and feel associated with Buffalo Wild Wings' restaurants.

28.   Buffalo Wings & Rings embarked on a plan to emulate its successful competitor in an effort to trade upon the good will associated with the BUFFALO WILD WINGS Trademarks and Trade Dress.  Since that time, Buffalo Wings & Rings has taken steps to become more and more like Buffalo Wild Wings, including changing the format of its restaurants to a family sit down restaurant and sports bar like Buffalo Wild Wings.

29.   Confusion began to occur after Buffalo Wings & Rings began using the phrase BUFFALO WINGS & RINGS as a name for franchises operating with a format, look and feel similar to that of Buffalo Wild Wings.

30.   In 2007, the President and CEO of Buffalo Wings & Rings' CEO, Phillipe Schram stated that "***Buffalo Wings & Rings is easily confused with category leader,***

***Buffalo Wild Wings of Minneapolis*** . . . ***Both concepts even include a buffalo in their logos.***"

31.     Despite the confusion acknowledged by ~~its President~~Schram, Buffalo Wings & Rings continues to adopt changes that make it more, not less, like Buffalo Wild Wings.

32.     For example, Buffalo Wings & Rings adopted a new color scheme for its restaurants that places heavy emphasis on the color yellow, long an important part of the Buffalo Wild Wings Trade Dress.

33.     The following photos from Buffalo Wings & Rings' website depict its "prototype" building, dining area and bar area, each prominently using the color yellow:

34.     Buffalo Wings & Rings has also begun emulating other aspects of Buffalo Wild Wings' Trade Dress, including but not limited to stylized buffalo images, logos, interior decorations, emphasis on sports & televisions, nightly promotions, and the lettering/font used in Buffalo Wild Wings' menus and signs.  Examples appear below.

35.     Buffalo Wings & Rings ~~has~~even copied Buffalo Wild Wings' drink and food specials, such as ~~"mug night," "all you can eat night," "$.49 cent boneless wings," "half~~

off appetizers," and "first 100 visitors get wings for a year. Buffalo Wild Wings "Wing Tuesdays" promotion and "free wings for a year" program.

36.   Buffalo Wings & Rings has even copied Buffalo Wild Wings' use of the term "Grill & Bar," using "Grill & Bar" rather than the more conventional term "Bar & Grill," to emulate BUFFALO WILD WINGS GRILL & BAR® restaurants.

36.   37. In deciding to pick a new look for its franchise, Buffalo Wings & Rings had a palette of options, constrained only by the unlimited reach of the human mind's creativity.  Instead of creating its own look, Buffalo Wings & Rings chose to emulate the Buffalo Wild Wings Trade Dress.

37.   38. Buffalo Wings & Rings' actions are likely to cause consumers to erroneously believe that Buffalo Wings & Rings' restaurant and franchise services are associated with or emanate from Buffalo Wild Wings.

38.   39. Numerous instances of actual confusion have occurred as the result of the wrongful conduct by Buffalo Wings & Rings.  Examples of confusion include:

a.    Buffalo Wild Wings managers have mistakenly received consumer complaints about service provided at Buffalo Wings & Rings' restaurants;

b.    Buffalo Wild Wings restaurants have received from consumers black and yellow coupons issued by Buffalo Wings & Rings;

c.    A laptop ordered by a Buffalo Wild Wings manager was delivered to a Buffalo Wings & Rings restaurant;

d.    Job applicants for a soon-to-open Buffalo Wings & Rings restaurant came to a Buffalo Wild Wings restaurant by mistake;

e.      Buffalo Wild Wings has received consumer phone calls for Buffalo Wings & Rings;

f.      Buffalo Wild Wings has received vendor deliveries intended for Buffalo Wings & Rings;

g.      Consumers calling directory assistance for a Buffalo Wild Wings restaurant phone number have been provided a Buffalo Wings & Rings restaurant phone number;

h.      Buffalo Wild Wings has received consumer calls for takeout orders for Buffalo Wings & Rings;

i.      Restaurant location finders for Buffalo Wild Wings restaurants have provided consumers with directions to Buffalo Wings & Rings restaurants; and

j.      Chicago radio disk jockeys have confused – on air – Buffalo Wild Wings and Buffalo Wings & Rings.

40.    Buffalo Wings & Rings does not own a U.S. trademark registration for BUFFALO WINGS & RINGS.

41.    Despite not owning a U.S. trademark registration for BUFFALO WINGS & RINGS, Buffalo Wings & Rings is using the trademark registration symbol ("®") in connection with BUFFALO WINGS & RINGS.

42.    Buffalo Wild Wings demanded that Buffalo Wings & Rings cease using the trademark registration symbol in connection with BUFFALO WINGS & RINGS, but Buffalo Wings & Rings has continued to use the trademark registration symbol.

39.  ~~43.~~ Buffalo Wings & Rings' unauthorized use of the name BUFFALO WINGS & RINGS is infringing Buffalo Wild Wings' trademark rights in its BUFFALO WILD WINGS Trademarks.

40.  ~~44.~~ Buffalo Wings & Rings unauthorized use of trade dress described above creates a likelihood of confusion with the Buffalo Wild Wings Trade Dress.

41.  ~~45.~~ Buffalo Wild Wings has made repeated demands that Buffalo Wings & Rings stop its wrongful and harmful behavior.  However, Buffalo Wings & Rings continues to take advantage of the good will and quality associated with Buffalo Wild Wings' marks, goods and services to intentionally confuse consumers.

42.  Buffalo Wings & Rings has not only engaged in direct infringement of the BUFFALO WILD WINGS Trademarks and Trade Dress, Buffalo Wings & Rings has also directed and encouraged its franchisees to infringe the BUFFALO WILD WINGS Trademarks and Trade Dress.

43.  Buffalo Wings & Rings intentionally induced its franchisees to infringe the BUFFALO WILD WINGS Trademarks and Trade Dress.  Buffalo Wings & Rings also continues to supply infringing materials to franchisees with knowledge that the franchisees are using the materials in a manner that infringes the BUFFALO WILD WINGS Trademarks and Trade Dress.

44.  As a result, Buffalo Wings & Rings is liable for direct and contributory infringement.  *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 854-855 (1982).

**BUFFALO WINGS & RINGS TRADEMARK APPLICATIONS**

45.     Buffalo Wings & Rings applied to register the word mark BUFFALO WINGS & RINGS with the United States Patent & Trademark Office, Application Serial No. 77/340,910.

46.     Buffalo Wings & Rings also applied to register the below design marks, Serial Nos. 77/346,357, 77/346,350, and 77/346,342.

47.     Buffalo Wild Wings opposed the applications.

48.     On June 18, 2009, the parties filed a joint motion to suspend the opposition proceedings pending the outcome of this lawsuit.

49.     On August 31, 2009, Buffalo Wings & Rings petitioned the United States Patent and Trademark Office to amend Registration No. 1,567,637, from the design on the left to the design on the right, based on Section 7 of the Trademark Act, 15 U.S.C. § 1057(e).

50.     In support of the request, Buffalo Wings & Rings made the following statement to the Patent and Trademark Office:

Registrant has modernized its mark since the date of the original registration, however, registrant believes that modernization of its mark shown on the annexed drawing and specimens do not comprise a material alteration of the registered mark.

51. Buffalo Wings & Rings did not inform the Patent and Trademark Office of this proceeding or the fact that the so-called "immaterial" change was the subject of a pending lawsuit. Nor did Buffalo Wings & Rings inform the Patent and Trademark Office that it had applied to register the identical mark in black and white and that Buffalo Wild Wings opposed the application.

52. On April 6, 2010 the Patent and Trademark Office issued an amended registration certificate to Buffalo Wings & Rings.

53. The United States Patent and Trademark Office should have refused to amend the registration because the amendment is a material alteration of the mark.

54. This Court should exercise its authority under 15 U.S.C. § 1119 to correct the register and disallow the amendment because the amendment makes a material change to the registered mark.

**FALSE MARKING BY BUFFALO WINGS & RINGS**

55. Buffalo Wings & Rings does not own a U.S. trademark registration for the words BUFFALO WINGS & RINGS.

56. Until the Patent and Trademark Office wrongly amended Registration No. 1,567,637 as outlined above, Buffalo Wings & Rings did not own a U.S. trademark registration for the below design mark.


57. Buffalo Wings & Rings used the trademark registration symbol ("®") in connection with these marks even though it did not own federal trademark registrations.

58.   Buffalo Wild Wings demanded that Buffalo Wings & Rings cease using the trademark registration symbol, but Buffalo Wings & Rings has continued to intentionally and wrongfully display the trademark registration symbol.

59.   46. The foregoing allegations are incorporated in the claims below.

## COUNT ONE
## Trademark Infringement In Violation of Section 32 of the Lanham Act

60.   47. Buffalo Wings & Rings' conduct described in the foregoing paragraphs constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act.

61.   48. Buffalo Wings & Rings' conduct is causing, and will continue to cause, irreparable harm to Buffalo Wild Wings unless it is enjoined by this Court.

62.   Buffalo Wings & Rings is liable for direct infringement and for contributory infringement by Buffalo Wings & Rings franchisees.

63.   49. On information and belief, Buffalo Wings & Rings acted deliberately and willfully in attempt to trade upon the goodwill associated with the BUFFALO WILD WINGS Trademarks.

64.   50. Buffalo Wild Wings has suffered damages as a result of Buffalo Wings & Rings' direct and contributory infringement in an amount to be proven at trial.

65.   51. The Court should further find that this is an exceptional case under 15 U.S.C. § 1117 and award Buffalo Wild Wings treble damages and attorneys' fees.

## COUNT TWO
## Trade Dress Infringement In Violation of Section 43(a) of the Lanham Act

66.   52. Buffalo Wings & Rings' conduct described in the foregoing paragraphs constitutes unauthorized use in commerce, in connection with goods or services, of words, terms, names, symbols or devices or combinations thereof, or false designation of

origin, false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Buffalo Wings & Rings with Buffalo Wild Wings, or as to the origin, sponsorship, or approval of Buffalo Wings & Rings' services by Buffalo Wild Wings, in violation of 15 U.S.C. § 1125(a).

67.    53. Buffalo Wings & Rings' conduct described in the foregoing paragraphs constitutes use in commerce, in connection with goods or services, of words, terms, names, symbols or devices or combinations thereof, or false designation of origin, false or misleading representation of fact which is used in commercial advertising or promotion and misrepresents the nature, characteristics, and qualities of the goods and/or services and commercial activities of Buffalo Wings & Rings in violation of 15 U.S.C. § 1125(a).

68.    Buffalo Wings & Rings is liable for direct infringement and for contributory infringement by Buffalo Wings & Rings franchisees.

69.    54. On information and belief, Buffalo Wings & Rings acted deliberately and willfully in attempt to trade upon the goodwill associated with the BUFFALO WILD WINGS Trademarks and/or Trade Dress.

70.    55. Buffalo Wings & Rings' conduct is causing, and will continue to cause, irreparable harm to Buffalo Wild Wings unless it is enjoined by this Court.

71.    56. Buffalo Wild Wings has suffered damages as a result of Buffalo Wings & Rings' direct and contributory infringement in an amount to be proven at trial.

72.   57. The Court should further find that this is an exceptional case under 15 U.S.C. § 1117 and award Buffalo Wild Wings treble damages and attorneys' fees.

## COUNT THREE
## False Marking

73.   58. Buffalo Wings & Rings does not own a U.S. trademark registration for the words BUFFALO WINGS & RINGS, and did not own a U.S. trademark registration for the design mark below until the Patent and Trademark Office improperly allowed Buffalo Wings & Rings to amend Registration No. 1,567,637, an amendment that is challenged in this action.

74.   59. Despite not owning a U.S. trademark registration for BUFFALO WINGS & RINGS, Buffalo Wings & Rings is usinghas wrongfully used the trademark registration symbol ("®") in connection with BUFFALO WINGS & RINGS.these marks.

75.   60. Buffalo Wild Wings demanded that Buffalo Wings & Rings cease using the trademark registration symbol in connection with BUFFALO WINGS & RINGSinappropriately, but Buffalo Wings & Rings has continued to use the trademark registration symbol with unregistered marks.

76.   61. On information and belief, Buffalo Wings & Rings' improperwrongful use of the trademark registration symbol was done with intent to deceive the purchasing public or others in the trade into believing that BUFFALO WINGS & RINGS is aand the above design mark are registered trademarks.

77.   62. Buffalo Wings & Rings' conduct is causing, and will continue to cause, irreparable harm to Buffalo Wild Wings unless it is enjoined by this Court.

78.   63. Buffalo Wings & Rings' above described conduct in intentionally misusing the registration symbol in an effort to deceive the public, despite warning, is a fraudulent misuse of the registration notice in connection with an unregistered mark in violation of the provisions of 15 U.S.C. § 1111, and is grounds for cancelling registrations and refusing registration of pending applications.

## COUNT FOUR
### Refuse Registration of Word Mark Application

79.   64. Buffalo Wings & Rings has applied to register the words BUFFALO WINGS & RINGS with the United States Patent & Trademark Office, Application Serial No. 77/340,910.

80.   65. Buffalo Wild Wings has opposed the application.

81.   66. There is a close nexus between the issues in this dispute and the issues in the pending application proceeding.

82.   67. This Court has the authority to determine whether Buffalo Wings & Rings is entitled to a registration under 15 U.S.C. § 1119.

83.   68. Because of Buffalo Wings & Rings' use of the name BUFFALO WINGS & RINGS is confusing the public, the Court should direct the United States Patent and Trademark Office to refuse registration of the mark in Application Serial No. 77/340,910.

84.   69.  Buffalo Wings & Rings' above-described conduct in intentionally misusing the registration symbol in an effort to deceive the public, despite warning, ~~is a fraudulent misuse of the registration notice in connection with an unregistered mark is a violation of the provisions of 15 U.S.C. §1111, and is also~~ violates 15 U.S.C. §1111 and is grounds for denying the registration.

85.   70.  The Court should direct the United States Patent and Trademark Office to refuse registration of the mark in Application Serial No. 77/340,910.

## COUNT FIVE
## Refuse Registration of Design Mark Applications

86.   71.  Buffalo Wings & Rings has applied to register with the United States Patent & Trademark Office the ~~following~~ below design marks~~:~~.

| Application Serial No. 77/346,357 | Application Serial No. 77/346,350 | Application Serial No. 77/346,342 |
|---|---|---|
| | | |

87.   72.  The applications do not specify any particular color or color(s).

88.   73.  Buffalo Wild Wings ~~has~~ opposed the applications.

89.   74.  There is a close nexus between the issues in this dispute and the issues in the pending application proceeding.

90.   75. This Court has the authority to determine whether Buffalo Wings & Rings is entitled to registration of the above design marks under 15 U.S.C. § 1119.

91.   76. Because Buffalo Wings & Rings' use of the above design marks creates a likelihood of confusion with the BUFFALO WILD WINGS Trademarks and/or Trade Dress, the Court should direct the United States Patent and Trademark Office to refuse registration of the trademarks in Serial Nos. 77/346,357, 77/346,350, and 77/346,342.

92.   Buffalo Wings & Rings' above-described conduct in intentionally misusing the registration symbol in an effort to deceive the public, despite warning, violates 15 U.S.C. §1111 and is grounds for denying the registration of the trademark in application Serial Number 77/346,357.

## COUNT SIX
### Cancel Amendment to Registration No. 1,567,637

93.   On August 31, 2009, Buffalo Wings & Rings petitioned the United States Patent and Trademark Office to amend Registration No. 1,567,637, from the design on the left to the design on the right, based on Section 7(e) of the Trademark Act, 15 U.S.C. § 1057(e).


94.   In support of its request, Buffalo Wings & Rings made the following statement to the Patent and Trademark Office:

Registrant has modernized its mark since the date of the original registration, however, registrant believes that modernization of its mark shown on the annexed drawing and specimens do not comprise a material alteration of the registered mark.

95.     Buffalo Wings & Rings did not inform the Patent and Trademark Office of this proceeding or the fact that the so-called "immaterial" change was the subject of a pending lawsuit.  Nor did Buffalo Wings & Rings inform the Patent and Trademark Office that it had applied to register the identical mark in black and white, and that Buffalo Wild Wings opposed the application.

96.     On April 6, 2010, the Patent and Trademark Office issued an amended certificate of registration to Buffalo Wings & Rings.

97.     The United States Patent and Trademark Office should have disallowed the requested amendment because the amendment is a material alteration of the mark.

98.     This Court has the authority under 15 U.S.C. § 1119 to determine whether Buffalo Wings & Rings is entitled to amend Registration No. 1,567,637.

99.     This Court should declare that the amendment materially alters the registration and direct the United States Patent and Trademark Office to cancel the amendment.

## COUNT SEVEN
### Violation of Minnesota Deceptive Trade Practices Act

100.    77. The BUFFALO WILD WINGS Trademarks are trademarks as defined in Minn. Stat. § 325D.43.

101.    78. Buffalo Wild Wings' Trade Dress is a trademark as defined in Minn. Stat. § 325D.43.

102. 79. The Buffalo Wings & Rings' conduct described above by Buffalo Wings & Rings is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

103. 80. The Buffalo Wings & Rings' conduct described above by Buffalo Wings & Rings is likely to cause confusion or misunderstanding as to any affiliation, connection, or association between Buffalo Wild Wings and Buffalo Wings & Rings.

104. 81. Buffalo Wings & Rings' actions violate Minn. Stat. § 325D.44.

105. 82. On information and belief, Buffalo Wings & Rings willfully engaged in the above-described trade practices, knowing them to be deceptive.

106. 83. As a result of Buffalo Wings & Rings' conduct, Buffalo Wild Wings is entitled to an injunction and attorneys' fees under Minn. Stat. § 325D.45.

## COUNT FIVE EIGHT
## Unfair Competition

107. 84. Buffalo Wings & Rings' actions infringement of Buffalo Wild Wings' trademarks and trade dress constitute unfair competition.

108. 85. Buffalo Wild Wings has been damaged as a result of Buffalo Wings & Rings' unfair competition in an amount to be proven at trial.

109. In unfairly competing with Buffalo Wild Wings, Buffalo Wings & Rings acted in deliberate disregard of Buffalo Wild Wings' rights.

110. Therefore, Buffalo Wild Wings is entitled to punitive damages under Minn. Stat. § 549.20.

## JURY DEMAND

111. 86. Buffalo Wild Wings demands a jury trial.

**WHEREFORE**, Buffalo Wild Wings asks the Court to:

1.    Enter judgment in favor of Buffalo Wild Wings in an amount to be proven at trial;

2.    Enjoin Buffalo Wings & Rings and its officers, directors, managing agents and anyone acting in concert with or under the control or direction of Buffalo Wings & Rings from:

(a)    Using the name BUFFALO WINGS & RINGS or any other name that is confusingly similar to Buffalo Wild Wings' Trademarks;

(b)    Using trade dress that is confusingly similar to Buffalo Wild Wings' Trade Dress, either alone or in combination with the BUFFALO WILD WINGS Trademarks; and

(c)    Using the "®" symbol in connection with words or symbols that are not registered with the United States Patent and Trademark Office.;

3.    Direct the United States Patent and Trademark Office to refuse to register the word mark BUFFALO WINGS & RINGS in Buffalo Wings & Rings' Application Serial No. 77/340,910).;

4.    Direct the United States Patent and Trademark Office to refuse to register the design marks in Buffalo Wings & Rings' Application Serial Nos. 77/346,357, 77/346,350, and 77/346,342.346,342;

5.      Direct the United States Patent and Trademark Office to reject Buffalo Wings & Rings' Section 7 amendment to U.S. Trademark Registration No. 1,567,637;

6.      Award Buffalo Wild Wings the costs and attorneys' fees incurred in this action;

6.7.      Award enhanced damages under 15 U.S.C. § 1117(a) because of the willful nature of the infringement;

8.      Award punitive damages under Minn. Stat. § 549.20 because Buffalo Wings & Rings' actions show deliberate disregard for Buffalo Wild Wings' rights; and

7.9.      Grant any other relief the Court deems just and equitable.


Dated:  November 3, 2009May ___, 2010                    s/Lora M. Friedemann

                                 Lora M. Friedemann (#259615)
                                 lfriedemann@fredlaw.com
                                 Laura L. Myers (#387116)
                                 lmyers@fredlaw.com
                                 **FREDRIKSON & BYRON, P.A.**
                                 200 South Sixth Street, Suite 4000
                                 Minneapolis, MN  55402-1425
                                 Phone: (612) 492-7000
                                 Fax: (612) 492-7077

                                 **ATTORNEYS FOR PLAINTIFF**
                                 **BUFFALO WILD WINGS, INC.**

4641775_1.DOC

Document comparison by Workshare Compare on Friday, May 21, 2010 11:18:57 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE/FB1/4641775/1 |
| Description | #4641775v1<FB1> - BWW/BW&R - Amended Complaint |
| Document 2 ID | interwovenSite://WORKSITE/FB1/4641775/6 |
| Description | #4641775v6<FB1> - BWW/BW&R - Amended Complaint |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 142 |
| Deletions | 139 |
| Moved from | 10 |
| Moved to | 10 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 301 |