UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Buffalo Wild Wings, Inc.,<br>a Minnesota corporation, | Civil Action 09-CV-1426 (JRT/SRN) |
|        Plaintiff, | |
| v. | |
| Buffalo Wings & Rings, LLC, | |
|        Defendant. | |

---

## DEFENDANT'S ANSWER TO SECOND AMENDED
## COMPLAINT AND JURY DEMAND

---

Defendant Buffalo Wings & Rings, LLC, without waiving its right to challenge personal jurisdiction, for its answer to Plaintiff Buffalo Wild Wings, Inc.'s Second Amended Complaint and Jury Demand, states and alleges as follows:

1.      Denies each and every allegation and statement contained in the Second Amended Complaint and Jury Demand except as hereinafter specifically admitted, qualified, or otherwise alleged.

### THE PARTIES

2.      Denies the allegations of paragraph 1, except admits that Buffalo Wild Wings is a Minnesota Corporation with its principal place of business in Minnesota.

3.      Admits the allegations of paragraph 2.

4.      The allegations of paragraph 3 are legal conclusions to which no response is required.  To the extent any response is required, Buffalo Wings & Rings denies any wrongful conduct whatsoever.

## JURISDICTION AND VENUE

5.      The allegations of paragraph 4 are legal conclusions to which no response is required.  To the extent any response is required, Buffalo Wings & Rings admits that Buffalo Wild Wings purports to assert the claims described, but denies each and every such claim.

6.      The allegations of paragraph 5 are legal conclusions to which no response is required.  To the extent any response is required, admits the allegations of paragraph 5.

7.      The allegations of paragraph 6 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 6.

## BUFFALO WILD WINGS' TRADEMARK RIGHTS

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and therefore denies same.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and therefore denies same.

10.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and therefore denies same.

11.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and therefore denies same, except admits that

Buffalo Wild Wings has been profitable every year since 1996 and that Buffalo Wild Wings has realized increased profits on a year-over-year basis since at least 2005.

12.    Denies the allegations of paragraph 11 and states that Buffalo Wild Wings has admitted in discovery that the trademark "Buffalo Wild Wings" did not appear on or at any of its restaurants until 1997.

13.    The allegations of paragraph 12 are legal conclusions to which no response is required.  To the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12, including subparts a through j, and therefore denies same.

14.    The allegations of paragraph 13 are legal conclusions to which no response is required.  To the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13, including subparts a and b, and therefore denies same.

15.    The allegations of paragraph 14 are merely for the purposes of creating a defined term for use throughout the Second Amended Complaint and Jury Demand; thus, no response is required.  To the extent any response is require, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 and therefore denies same.

16.    Denies the allegations of paragraph 15.

17.    Denies the allegations of paragraph 16.

18.    Denies the allegations of paragraph 17.

## BUFFALO WILD WINGS' TRADE DRESS

19.     The allegations of paragraph 18 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 18.

20.     The allegations of paragraph 19 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 19 and states that discovery in this action has shown that Buffalo Wild Wings' claimed trade dress is generic, functional and generally similar to the look and feel of a number of existing restaurants, *i.e.*, it is not unique.

21.     Denies the allegations of paragraph 20 and states that Buffalo Wild Wings has admitted in discovery that there is, presently, substantial variation in the look and feel of its restaurants.

22.     Denies the allegations of paragraph 21.

23.     The allegations of paragraph 22 include legal conclusions to which no response is required.  To the extent a response is required to the allegations of paragraph 22, denies the allegations of paragraph 22.

## BUFFALO WINGS & RINGS' WRONGFUL CONDUCT

24.     In response to the allegations of paragraph 23, admits that Buffalo Wings & Rings is a franchisor of family restaurants; that such restaurants offer seating to patrons; and that such restaurants offer chicken wings as a menu item, but denies all other allegations and characterizations in paragraph 23.

25.     In response to the allegations of paragraph 24, admits that the entity Buffalo Wings & Rings, LLC began operations in February 2005 and states that the predecessor to Buffalo Wings & Rings began operations in the late 1980s and operated until February 2005.  Further states that, since the late 1980s, the restaurants owned by the predecessor and now by Buffalo Wings & Rings have always done business under and using the name "Buffalo Wings & Rings".

26.     In response to the allegations of paragraph 25, admits that a predecessor to Buffalo Wings & Rings applied for and obtained U.S. Registration No. 1,567,637, but denies all other allegations of paragraph 25.  Further states that Buffalo Wings & Rings is the owner, by assignment, of U.S. Registration No. 1,567,637.

27.     Admits the allegations of paragraph 26.

28.     Admits that Buffalo Wings & Rings acquired its predecessor in 2005, but denies all of the other allegations of paragraph 27.

29.     Denies the allegations of paragraph 28 and states that Buffalo Wings & Rings restaurants have been family sit down restaurants with sports themes and a bar since the late 1980s.

30.     Denies the allegations of paragraph 29.

31.     Denies the allegations of paragraph 30.

32.     Denies the allegations of paragraph 31.

33.     Denies the allegations of paragraph 32.

34.     Admits that the photographs included in paragraph 33 appear to depict a Buffalo Wings & Rings restaurant, but denies all other allegations and characterizations of paragraph 33.

35.     Denies the allegations of paragraph 34.

36.     Denies the allegations of paragraph 35 and states that discovery in this action has shown that Buffalo Wings & Rings has utilized a "Wings Tuesday" promotion for nearly 20 years.

37.     Denies the allegations of paragraph 36.

38.     Denies the allegations of paragraph 37.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38, including subparts a through j, and therefore denies same.

40.     The allegations of paragraph 39 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 39.

41.     Denies the allegations of paragraph 40.

42.     In response to the allegations of paragraph 41, admits that Buffalo Wild Wings has made various demands of Buffalo Wings & Rings, but denies all of the other allegations of paragraph 41.

43.     Denies the allegations of paragraph 42.

44.     Denies the allegations of paragraph 43.

45.     The allegations of paragraph 44 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 44.

### BUFFALO WINGS & RINGS TRADEMARK APPLICATIONS

46.     Admits the allegations of paragraph 45.

47.     Admits the allegations of paragraph 46.

48.     Admits the allegations of paragraph 47.

49.     Admits the allegations of paragraph 48.

50.     Admits the allegations of paragraph 49.

51.     Admits the allegations of paragraph 50.

52.     Denies the allegations of paragraph 51 and states that the USPTO granted the amendment sought for U.S. Registration No. 1,567,637 because it was not a material alteration of the original mark.  Further states that discovery in this action confirms that Buffalo Wild Wings and its attorneys were aware that Buffalo Wings & Rings was seeking this amendment from the date the application for amendment was filed, and, indeed, followed the progress of the application until an amended registration was issued in April 2010.  Further states that Buffalo Wild Wings had the opportunity to protest and oppose the amendment application but chose not to.

53.     Admits the allegations of paragraph 52.

54.     The allegations of paragraph 53 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 53

and states that after consideration of Buffalo Wings & Rings' application, the USPTO determined that the amendment was not a material alteration of the original mark.

55.     The allegations of paragraph 54 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 54.

## FALSE MARKING BY BUFFALO WINGS & RINGS

56.     Denies the allegations of paragraph 55 and states that the words "Buffalo Wings & Rings" are included in U.S. Registration No. 1,567,637.

57.     The allegations of paragraph 56 include legal conclusions to which no response is required.  To the extent that the allegations of paragraph 56 are not legal conclusions or to the extent any response to said legal conclusions is required, denies the allegations of paragraph 56 and states that after consideration of Buffalo Wings & Rings' application, the USPTO determined that the amendment was not a material alteration of the original mark.

58.     Denies the allegations of paragraph 57.

59.     In response to the allegations of paragraph 58, admits that Buffalo Wild Wings has made various demands of Buffalo Wings & Rings, but denies all of the other allegations of paragraph 58.

60.     No response is required to the allegations of paragraph 59.  To the extent any response is required, denies the allegations of paragraph 59.

## COUNT ONE
### Trademark Infringement In Violation of Section 32 of the Lanham Act

61.     The allegations of paragraph 60 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 60.

62.     The allegations of paragraph 61 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 61.

63.     The allegations of paragraph 62 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 62.

64.     The allegations of paragraph 63 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 63.

65.     The allegations of paragraph 64 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 64.

66.     The allegations of paragraph 65 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 65.

## COUNT TWO
## Trade Dress Infringement In Violation of Section 43(a) of the Lanham Act

67.    The allegations of paragraph 66 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 66.

68.    The allegations of paragraph 67 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 67.

69.    The allegations of paragraph 68 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 68.

70.    The allegations of paragraph 69 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 69.

71.    The allegations of paragraph 70 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 70.

72.    The allegations of paragraph 71 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 71.

73.    The allegations of paragraph 72 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 72.

## COUNT THREE
## False Marking

74.   The allegations of paragraph 73 include legal conclusions to which no response is required.  To the extent that the allegations of paragraph 73 are not legal conclusions or to the extent any response to said legal conclusions is required, denies the allegations of paragraph 73 and states that after consideration of Buffalo Wings & Rings' application, the USPTO determined that the amendment was not a material alteration of the original mark.  Further states that the words "Buffalo Wings & Rings" are included in U.S. Registration No. 1,567,637.

75.   Denies the allegations of paragraph 74.

76.   In response to the allegations of paragraph 75, admits that Buffalo Wild Wings has made various demands of Buffalo Wings & Rings, but denies all of the other allegations of paragraph 75.

77.   Denies the allegations of paragraph 76.

78.   The allegations of paragraph 77 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 77.

79.   The allegations of paragraph 78 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 78.

## COUNT FOUR
## Refuse Registration of Word Mark Application

80.   Admits the allegations of paragraph 79.

81.     Admits the allegations of paragraph 80.

82.     The allegations of paragraph 81 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 81.

83.     The allegations of paragraph 82 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 82.

84.     The allegations of paragraph 83 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 83.

85.     The allegations of paragraph 84 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 84.

86.     The allegations of paragraph 85 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 85.

## COUNT FIVE
### Refuse Registration of Design Mark Applications

87.     Admits the allegations of paragraph 86.

88.     Admits the allegations of paragraph 87.

89.     Admits the allegations of paragraph 88.

90.     The allegations of paragraph 89 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 89.

91.     The allegations of paragraph 90 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 90.

92.     The allegations of paragraph 91 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 91.

93.     The allegations of paragraph 92 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 92.

## COUNT SIX
### Cancel Amendment to Registration No. 1,567,637

94.     Admits the allegations of paragraph 93.

95.     Admits the allegations of paragraph 94.

96.     Denies the allegations of paragraph 95 and states that the USPTO granted the amendment sought for U.S. Registration No. 1,567,637 because it was not a material alteration of the registered mark.  Further states that discovery in this action confirms that Buffalo Wild Wings and its attorneys were aware that Buffalo Wings & Rings was seeking this amendment from the date the application for amendment was filed, and, indeed, followed the progress of the application until an amended registration was issued

in April 2010.  Further states that Buffalo Wild Wings had the opportunity to protest and oppose the amendment application but chose not to.

97.    Admit the allegations of paragraph 96.

98.    The allegations of paragraph 97 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 97.

99.    The allegations of paragraph 98 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 98.

100.    The allegations of paragraph 99 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 99.

## COUNT SEVEN
### Violation of Minnesota Deceptive Practices Act

101.    The allegations of paragraph 100 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 100.

102.    The allegations of paragraph 101 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 101 and states that Buffalo Wild Wings has never registered its claimed trade dress with any governmental trademark authority.

103.    Denies the allegations of paragraph 102.

104.    Denies the allegations of paragraph 103.

105.  The allegations of paragraph 104 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 104.

106.  The allegations of paragraph 105 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 105.

107.  The allegations of paragraph 106 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 106.

**COUNT EIGHT**
**Unfair Competition**

108.  The allegations of paragraph 107 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 107 and states that there is no cause of action titled "unfair competition" in Minnesota.

109.  The allegations of paragraph 108 are legal conclusions to which no response is required.  To the extent any response is required, denies the allegations of paragraph 108 and states that there is no cause of action titled "unfair competition" in Minnesota.

## JURY DEMAND

110.   No response to the allegations of paragraph 109 is required.   Defendant demands a jury trial on all claims, defenses and counterclaims in this action.

## FIRST SEPARATE DEFENSE

111.   The Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

112.   If Buffalo Wings & Rings infringed or violated any rights of Plaintiff, which Buffalo Wings & Rings denies, it did so innocently.

## THIRD SEPARATE DEFENSE

113.   Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH SEPARATE DEFENSE

114.   Each and every act of Buffalo Wings & Rings alleged by Plaintiff to infringe Plaintiff's alleged trademarks constitutes fair use.

## FIFTH SEPARATE DEFENSE

115.   Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTH SEPARATE DEFENSE

116.   Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SEVENTH SEPARATE DEFENSE

117.   Plaintiff's claims are barred in whole or in part by the doctrine of acquiescence.

## EIGHTH SEPARATE DEFENSE

118.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## NINTH SEPARATE DEFENSE

119.    Plaintiff lacks standing in whole or in part to assert the claims made in its Second Amended Complaint and Jury Demand.

## TENTH SEPARATE DEFENSE

120.    Plaintiff has failed to attain requisite distinctiveness in some or all of its alleged trademarks and trade dress because (a) Plaintiff is not the exclusive user of any such trademarks and trade dress, (b) such trademarks and trade dress are functional and do not serve as identifications of source of goods and/or services emanating from Plaintiff, and/or (c) the relevant class of consuming public does not recognize such trademarks and trade dress as identifications of source.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

121.    Due to the vague and ambiguous nature of the Complaint, Buffalo Wings & Rings cannot ascertain at this time whether additional, but as-yet unstated, defenses may be available.  Accordingly, Buffalo Wings & Rings reserves the right to assert additional defenses in the event that such defenses become apparent through discovery.

## COUNTERCLAIMS

122.    Buffalo Wings & Rings counterclaims against counter-defendant Buffalo Wild Wings as follows:

123.   This is an action for relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 (federal question), 15 U.S.C. §§ 1119 and 1121(a) (federal trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

124.   To the extent that venue is proper in this district for Buffalo Wild Wings' claims, venue is proper in this district for Buffalo Wings & Rings' counterclaims pursuant to 28 U.S.C. § 1391.

125.   Buffalo Wings & Rings is an Ohio limited liability company having its principal place of business in Cincinnati, Ohio.

126.   Upon information and belief, Buffalo Wild Wings, Inc. is a Delaware corporation having its principal place of business in Minneapolis, Minnesota.

**FIRST COUNTERCLAIM**
**Non-Infringement of Service Mark and Trade Dress**
**and Non-Violation of Minn. Stat. § 325D.44**

127.   Buffalo Wings & Rings re-alleges and incorporates herein by this reference Paragraphs 1 through 126 of this Answer and Counterclaim as though fully set forth herein.

128.   By the filing of its Complaint and Second Amended Complaint and Jury Demand, Buffalo Wild Wings has purported to put Buffalo Wings & Rings on notice of, and has asserted one or more claims for alleged infringement of, Buffalo Wild Wings' alleged trademarks, service marks and trade dress.

129.   By the filing of its Complaint and Second Amended Complaint and Jury Demand, Buffalo Wild Wings also has purported to put Buffalo Wings & Rings on

notice of, and has asserted one or more claims for deceptive trade practices under Minn. Stat. § 325D.44.

130.   Buffalo Wings & Rings has denied Buffalo Wild Wings' claims of infringement and believes that the Complaint and Second Amended Complaint and Jury Demand were filed, prosecuted and maintained in this action and in other related federal actions in bad faith and/or for an improper purpose.

131.   Buffalo Wings & Rings has not infringed and is not now infringing, either directly, indirectly, or contributorily, any alleged trademarks, service marks and/or trade dress of Buffalo Wild Wings.

132.   Buffalo Wings & Rings has denied Buffalo Wild Wings' claims of deceptive trade practices.

133.   Buffalo Wings & Rings believes that Buffalo Wild Wings' claim for deceptive trade practices was known by Buffalo Wild Wings to be groundless, when filed.

134.   Buffalo Wings & Rings has a real and reasonable apprehension that it would be subject to liability if it continues its present and planned business activities.

135.   Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

136.   Buffalo Wings & Rings is entitled to judgment from this Court finding that its conduct and activities have not and do not infringe any alleged trademarks, service marks and/or trade dress of Buffalo Wild Wings.

137.   As this is an exceptional case within the provisions of 15 U.S.C. § 1117(a), Buffalo Wings & Rings is entitled to an award of its reasonable attorneys' fees.

138.   Buffalo Wings & Rings is entitled to judgment from this Court finding that its conduct and activities did not and do not violate Minn. Stat. § 325D.44.

139.   Buffalo Wings & Rings is entitled to an award of its costs and attorneys' fees under Minn. Stat. § 325D.45.

## SECOND COUNTERCLAIM
### Invalidity of Buffalo Wild Wings Trade Dress

140.   Buffalo Wings & Rings re-alleges and incorporates herein by this reference Paragraphs 1 through 139 of this Answer and Counterclaim as though fully set forth herein.

141.   By the filing of its Complaint and Second Amended Complaint and Jury Demand, Buffalo Wild Wings has purported to assert one or more claims alleging validity of certain "trade dress" rights as more particularly described and identified in paragraphs 18 through and including 22 of the Complaint and paragraphs 18 through and including 22 of the Second Amended Complaint and Jury Demand (hereinafter referred to as "Trade Dress").

142.   Buffalo Wings & Rings has denied infringement of Buffalo Wild Wings' alleged Trade Dress and believes that such Trade Dress is invalid because such it is not distinctive, not continuously or exclusively used by Buffalo Wild Wings in connection with goods and services emanating from it, and/or is functional and does not serve as a source-identifying function.

143.     Buffalo Wings & Rings has a real and reasonable apprehension that it would be subject to liability if it continues its present and planned business activities.

144.     Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

145.     Buffalo Wings & Rings is entitled to judgment from this Court finding Buffalo Wild Wings' alleged Trade Dress to be invalid.

**THIRD COUNTERCLAIM**
**Cancel Buffalo Wild Wings'**
**United States Service Mark Registration Nos.  1,496,316 and 1,497,262**

146.     Buffalo Wings & Rings re-alleges and incorporates herein by this reference Paragraphs 1 through 145 of this Answer and Counterclaim as though fully set forth herein.

147.     Buffalo Wild Wings alleges that it owns U.S. Registration No. 1,496,316 for the trademark BUFFALO WILD WINGS & WECK.

148.     Buffalo Wild Wings alleges that it owns U.S. Registration No. 1,497,262 for the trademark:



149.     Buffalo Wild Wings no longer uses the mark registered in U.S. Registration No. 1,496,316 in commerce or in the ordinary course of trade as an identification of

source for goods and services identified in said registration and has no intention to resume use of said mark for the identified goods and services.

150.    Buffalo Wild Wings no longer uses the mark registered in U.S. Registration No. 1,497,262 in commerce or in the ordinary course of trade as an identification of source for goods and services identified in said registration and does not intend to resume use of said mark for the identified goods and services.

151.    Buffalo Wild Wings has not used the mark registered in U.S. Registration No. 1,496,316 for the identified goods and service in commerce for more than three years.

152.    Buffalo Wild Wings has not used the mark shown and registered U.S. Registration No. 1,497,262 for the identified goods and services in commerce for more than three years.

153.    Buffalo Wild Wings has therefore abandoned the mark shown and registered in U.S. Registration No. 1,496,316 under the terms of the Lanham Act and applicable decisional law.

154.    Buffalo Wild Wings has therefore abandoned the mark shown and registered in U.S. Registration No. 1,497,262 under the terms of the Lanham Act and applicable decisional law.

155.    Abandonment of the marks shown and registered in U.S. Registration No. 1,496,316 and U.S. Registration No. 1,497,262 is grounds for cancellation of both registrations and it is within this Court's power to cancel both registrations based on Buffalo Wild Wings' abandonment thereof.

156.    Defendant Buffalo Wings & Rings believes that it has been, is being, and will continue to be damaged by registration on the Principal Register of the marks shown and registered in U.S. Registration Nos. 1,496,316 and 1,497,292.

**WHEREFORE**, Buffalo Wings & Rings requests that judgment be entered:

(A)    Dismissing Buffalo Wild Wings' claims against Buffalo Wings & Rings in their entirety, with prejudice;

(B)    That the Court find that Buffalo Wild Wings is not entitled to any of its requested relief, or any relief whatsoever;

(C)    That the Court declare that Buffalo Wings & Rings has not infringed or contributed to the infringement of any alleged trademark(s), service mark(s), and trade dress of Buffalo Wild Wings;

(D)    That the Court declare that Buffalo Wings & Rings has not violated Minn. Stat. § 325D.45;

(E)    That the Court declare Buffalo Wild Wings' claimed Trade Dress to be invalid;

(F)    Canceling Buffalo Wild Wings' U.S. Registration Nos. 1,496,316 and 1,497,262;

(G)    Awarding Buffalo Wings & Rings its reasonable attorneys' fees and costs and disbursements of this action;

(H)    That the Court declare this an exceptional case within the provisions of 15 U.S.C. § 1117(a) and award Buffalo Wings & Rings its reasonable attorney fees; and

(I)     Awarding Buffalo Wings & Rings such other and further relief as the

Court deems just and proper.

**BASSFORD REMELE**
*A Professional Association*


Dated:  September 10, 2010          By_____s/ Kevin P. Hickey_____
                                        Kevin P. Hickey (License #202484)
                                        Jonathan C. Marquet (License #0388774)
                                        Nicole A. Delaney (License #0390102)
                                     Attorneys for Defendant
                                     33 South Sixth Street, Suite 3800
                                     Minneapolis, Minnesota  55402-3707
                                     Telephone:   (612) 333-3000
                                     Facsimile:    (612) 333-8829


986855