UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Buffalo Wild Wings, Inc., a Minnesota corporation, | Civil Action 09-CV-1426 (JRT/SRN) |
| Plaintiff, | |
| v. | |
| Buffalo Wings & Rings, LLC | |
| Defendant. | |

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF CONTINGENT MOTION IN LIMINE REGARDING TRADEMARK LAW EXPERT**

---

Defendant Buffalo Wings & Rings, LLC ("BWR") respectfully submits this memorandum in support of its contingent motion to exclude Plaintiff Buffalo Wild Wings' ("BWW") trademark law expert.

## INTRODUCTION

BWR brings this motion to exclude any testimony by BWW's trademark law expert, John Clifford, in the event that BWW seeks to exclude the testimony of BWR's rebuttal trademark law expert, Joan Dillon.  (Doc. No. 39-1, Clifford Report; Doc. No. 169-7, Dillon Report).  On March 29, 2010, without seeking leave of the Court or a stipulation from opposing counsel, BWW disregarded the Court's Scheduling Order by untimely disclosing a new "trademark law expert."  (Doc. No. 14; Doc. No. 39-9).  When BWR objected to BWW's disclosure of a trademark law expert as untimely and unnecessary, BWW brought a motion to amend the scheduling order to allow the late

disclosure which was granted by the Magistrate Judge. (Doc. No. 48). BWW claimed that the trademark law expert was necessary to address an August, 2009, application for amendment of BWR's incontestable 1989 trademark, which was granted by the United States Patent and Trademark Office ("USPTO") in early 2010. The report of BWW's trademark law expert addressed other legal issues that had been part of the case from the outset, in addition to the amendment application. (Doc. No. 39-1). Moreover, BWW's own legal counsel later admitted under oath that he had known about the pending application since September of 2009, six months before BWW claimed that a trademark law expert was required to address the amendment application. (Ex. E filed under seal to Doc. No. 169 at 81:1 – 93:8, Karau Depo.; *see also* Doc. No. 48).

Having now forced BWR to expend significant time and money to obtain a rebuttal report from its own trademark expert, BWW cannot be allowed to exclude such rebuttal testimony. In the event it does seek such relief, the Court must also exclude any testimony from BWW's trademark law expert. If the Court decides that expert opinion on trademark law is improper in this case, BWR is entitled to an award of the significant expense it incurred in obtaining rebuttal testimony.

## ARGUMENT

### I. EXPERT TESTIMONY REGARDING TRADEMARK LAW IS NOT ADMISSIBLE.

It is well established that "expert testimony on legal matters is not admissible." *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) (expert testimony regarding whether federal law was violated was

2

inadmissible). As noted by the Eighth Circuit, "[m]atters of law are for the trial judge, and it is the judge's job to instruct the jury on them." *Id.*

A proposed expert's opinion that certain conduct constituted misbranding under federal law improperly ". . . invade(s) the province of the court by interpreting the law for the jury." *United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 173 F.R.D. 675, 687 (D. Kan. 1997). The *United Phosphorous* case involved an attempt to introduce expert testimony from a former Environmental Protection Agency employee regarding whether certain actions at issue in the case constituted "misbranding" in violation of federal law. The courts excluded the testimony and noted that "[w]hen expert testimony embodies legal conclusions, however, it exceeds the permissible scope of opinion testimony." *Id.* at 688 (citing *Frase v. Henry*, 444 F.2d 1228, 1231 (10th Cir. 1971); *F.A.A. v. Landy*, 705 F.2d 624, 632 (2nd Cir. 1983); *Marx & Co. Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2nd Cir. 1977)).

Even in the unique context of patent cases, legal experts are not permitted to testify regarding legal issues, and any such testimony must be limited to "disputed factual elements in the case." *Neupak, Inc. v. Ideal Mfg. Sales Corp.*, 168 F. Supp. 2d. 1012, 1017 (D. Minn. 2001). A review of Mr. Clifford's proposed opinion reveals that he is clearly opining about legal issues and not factual issues in the case. (Doc. No. 39-1 at 10-14). In particular, Mr. Clifford opines that the USPTO was wrong when it made the legal conclusion that the amendment to the incontestable BWR mark was proper because it was not a material alteration. (*Id.*).

BWW cited no authority for the proposition that a trademark law expert can properly testify in a jury trial regarding the applicable legal standards or other legal issues. If such expert opinion testimony is appropriate in this case, then presumably it is also appropriate to have legal experts testify about the applicable legal standards, in virtually any type of case. One can only imagine the confusion of a jury when they hear inconsistent expert testimony regarding what the law is regarding various trademark issues. *See* Fed. R. Evid. 403 (evidence properly excluded if any probative value is outweighed by the danger of confusing or misleading the jury). This confusion will only be compounded when the Court also instructs the jury regarding the applicable trademark law. Not surprisingly, courts have routinely refused such legal opinion testimony as a matter of law.

## II.   IF THE COURT EXCLUDES THE TRADEMARK LAW EXPERTS FROM TESTIFYING THEN EXPENSES SHOULD BE AWARDED TO BWR.

As soon as BWW indicated that it intended to call a "trademark law expert," BWR notified BWW that there was no legal basis for such testimony. (Ex. A to the Declaration of Nicole A. Delaney). While the Court amended the Scheduling Order to resolve the timeliness issue, the Magistrate Judge did not address the substantive issue of whether expert testimony regarding trademark legal standards was appropriate in a trademark infringement action. (Doc. No.48).

As set forth in the previous section, there is no legal basis for expert opinion on "trademark law" in a trademark infringement action. The only reason for this late disclosure was the fact that BWW had no legal or factual basis for preventing BWR from

4

using its name or its incontestable registered trademark as amended which includes that name.  Left without any factual or legal basis for cancelling BWR's incontestable mark as discovery was winding down, BWW hired an expert witness to opine that the USPTO was "wrong" when it granted the amendment to the mark.  Only the Court can determine if a registered incontestable mark can be cancelled and only if the limited statutory grounds for such extraordinary relief is established.  *See* 15 U.S.C. § 1064 (3).  Notably, even BWW's expert witness does not opine that the sole alleged statutory grounds for cancellation – fraud – has been met in this case. (*See* Doc. No. 39-1 at p.8-9, 14.).  Such fraud must be established by clear and convincing evidence.  *Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc.*, 598 F.3d 970, 979-80 (8th Cir. 2010).  BWW's trademark law expert makes no such finding of fraud by clear and convincing evidence, nor could he, even if it is assumed that such an opinion is proper.

Through its late disclosure of an expert in an area that is not even arguably appropriate for expert opinion, BWW has forced BWR to incur substantial expenses in excess of $30,000 to retain a trademark law expert to provide rebuttal opinion testimony in response to BWW's expert.  Under such circumstances, BWR is entitled to the expense it incurred in obtaining rebuttal testimony as a result of BWW's conduct in forcing rebuttal testimony in an area where such expert opinion is clearly not permitted.  *See, e.g., Jung v. Neschis,* No. 01-Civ.-6993, 2007 WL 5256966, at *15 (S.D.N.Y Oct. 23, 2007) (award of cost proper where plaintiff's conduct in untimely disclosing expert forces defendant to incur costs in responding to such expert testimony); *Gucci America, Inc. v. Exclusive Imports Intern.*, No. 99-Civ.-11490, 2001 WL 21253, at *3-4 (S.D.N.Y.

Jan. 9, 2001) (expenses awarded for costs incurred in connection with a party's use of an improper expert who was later withdrawn).  If the Court determines that "trademark law experts" are not appropriate in this matter as BWR informed BWW more than six months ago, it is only fair that BWR receive reimbursement for the cost of responding to a clearly improper expert opinion.  BWR will submit a detailed itemization of all expenses relating to responding to BWW's trademark law expert if the Court grants this motion.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests an order excluding any opinion testimony from Plaintiff's trademark expert and awarding the expenses incurred in responding to such opinions.

**BASSFORD REMELE**
*A Professional Association*


Dated:  November 1, 2010         By s/Kevin P. Hickey
                                    Kevin P. Hickey (License #202484)
                                    Jonathan C. Marquet (License #0388774)
                                    Nicole A. Delaney (License #0390102)
                                 Attorneys for Defendant
                                 33 South Sixth Street, Suite 3800
                                 Minneapolis, Minnesota  55402-3707
                                 Telephone:   (612) 333-3000
                                 Facsimile:     (612) 333-8829

996981.doc