UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BUFFALO WILD WINGS, INC., *a Minnesota corporation*, | Civil No. 09-1426 (JRT/SER) |
| Plaintiff/Counter Defendant, | **ORDER AFFIRMING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED MARCH 21, 2011** |
| v. | |
| BUFFALO WINGS & RINGS, *also known as Buffalo Wings & Rings, LLC*, | |
| Defendant/Counter Claimant. | |

Lora Mitchell Friedemann, Laura L. Myers, and Ted C. Koshiol, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for plaintiff/counter defendant.

Jonathan C. Marquet, Kevin P. Hickey, and Nicole A. Delaney, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendant/counter claimant.

This matter is before the Court on defendant/counter-claimant Buffalo Wings & Rings, LLC's ("BWR") objections to the March 21, 2011 Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau recommending that the Court grant plaintiff/counter-defendant Buffalo Wild Wings, Inc.'s ("BWW") motion to dismiss or strike BWR's third counterclaim.  (Docket Nos. 176, 246.)  BWW and BWR operate competing national restaurant chains specializing in buffalo-style chicken wings.  BWW alleges that BWR is infringing on BWW's trademarks and trade dress.  After BWW filed a second amended complaint **with** leave of the Court, BWR included a new counterclaim

in its amended answer **without** seeking leave of the Court.  BWW moved to strike the newly asserted counterclaim.

After conducting a *de novo* review of those portions of the R&R to which BWR objects, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2, the Court concludes that the second amended complaint did not change the scope or theory of the case so as to empower BWR to add a new counterclaim without leave.  The Court therefore overrules the objections, adopts the R&R, and strikes the counterclaim.

## BACKGROUND

BWW's initial complaint included numerous claims, including one requesting the Court to direct the United States Patent and Trademark Office ("USPTO") to refuse BWR's application to register certain design marks ("the black and white logos") it alleged infringed on BWW's trademarks.  (Compl. ¶¶ 73-78, Docket No. 1.)  As an example of how BWR allegedly emulated BWW's trade dress, BWR's initial complaint included a photograph of one of the black and white logos colored in with a red background ("the red circle logo").  (*Id.* ¶ 36.)  The parties filed a stipulation with the USPTO agreeing to resolve their dispute regarding BWR's trademark applications for the black and white logos through this litigation.

On August 31, 2009, over two months after BWW filed suit, BWR petitioned the USPTO to amend its incontestable design mark, U.S. Registration No. 1,567,637 ("the '637 mark") to reflect the red circle logo.  *See* 15 U.S.C. § 1057(e) (allowing amendment of an existing registration).  The USPTO approved the application and amended the '637

mark on April 6, 2010. On May 21, 2010, BWW sought leave to amend its complaint to assert a new claim ("Count Six") requesting the Court to order the USPTO to cancel the amendment to the '637 registration. (Docket No. 49.) In its supporting memorandum, BWW explained that

> [t]he parties attempted to agree upon on a stipulation permitting [BWW] to file its Second Amended Complaint, but were unable to do so. After months of negotiation, **BWR insisted that it should be allowed to assert new counterclaims after the deadline imposed by the Court's scheduling order even though the new claims do not arise out of the same facts as [BWW's] new claim.** [BWW] could not agree to such a proposal, and therefore, is required to bring this motion.

(BWW's Mem. in Support at 2, Docket No. 51 (emphasis added).) BWR opposed BWW's motion to amend but did not seek leave to add counterclaims or respond to BWR's opposition to its interest in asserting new counterclaims. On August 26, 2010, the Magistrate Judge[1] granted BWW leave to file the second amended complaint, concluding that since Count Six could not have been brought before the amended registration was issued, "extraordinary circumstances" justified the delayed filing of BWW's motion to amend. (Partial Order at 5, Docket No. 141.)

On September 10, 2010, BWR answered the second amended complaint, adding a third counterclaim seeking cancellation of two of BWR's word and design trademarks featuring its original restaurant name, Buffalo Wild Wings and Weck ("the Weck registrations"). (Def.'s Answer at 22, Docket No. 146.) According to BWR, BWW abandoned the Weck registrations. (*Id.*) BWW moved the Court to dismiss or strike

---

[1] United States Magistrate Judge Susan R. Nelson issued this order. Due to Judge Nelson's confirmation as a United States District Court Judge for the District of Minnesota, the case was subsequently re-assigned to United States Magistrate Judge Rau. (Docket No. 215.)

BWR's third counterclaim, and the Magistrate Judge recommended granting the motion. BWR objects, arguing, among other assertions, that since BWW's second amended complaint changed the theory or scope of the case BWR was entitled to assert the third counterclaim without leave as a matter of right. The Court subsequently issued an order which, in part, denies summary judgment to BWW and grants summary judgment to BWR on Count Six. (*See* Order at 31-35, Docket No. 251.)

## ANALYSIS

If a party can no longer file an amended pleading as a matter of course, it must seek leave of the Court or written consent to amend from the opposing party. Fed. R. Civ. P. 15(a)(2). BWR asserts that it was permitted to plead the third counterclaim as a matter of right while BWW argues that BWR was required to request leave of the Court or obtain BWW's consent. The Magistrate Judge adopted the rule enunciated in *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd*, 205 F.3d 1347 (8th Cir. 2000) (unpublished table decision):

> [W]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff. . . . The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [party] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.

(internal citations and quotation marks omitted). BWR does not object to the Magistrate Judge's use of the *Tralon* standard to determine whether BWR could assert the third counterclaim as a matter of course, but argues that it was misapplied.

Specifically, BWR argues that the Magistrate Judge erroneously conflated BWR's application for the black and white logos and its '637 mark, amended to reflect the red circle logo. Since challenges to a pending application and to an incontestable registered mark rely on different statutes, and since BWR has a different legal relationship to the black and white logo than it does to the red circle logo, BWR asserts that Count Six changed the scope or theory of this case. The red circle logo is, however, a color version of one of the black and white logos, which BWW has consistently challenged from the outset of this litigation. The Magistrate Judge appropriately relied on this fact in concluding that BWW's assertion of Count Six, seeking cancellation of the amendment to the '637 mark, did not change the theory or scope of the case.

Moreover, as the Magistrate Judge noted, in its original complaint BWW offered the amended '637 mark the red circle logo, as an illustration of BWR's allegedly infringing behavior. That there are legal differences between a claim for infringement of a mark in a pending application and for cancellation of an amendment to an existing mark does not alter the Court's conclusion that Count Six did not alter the scope or theory of the case, given BWW's consistent challenge to the black and white logos **and** the red circle logo since the beginning of this litigation.[2]

---

[2] As noted in the Court's order disposing of the parties' summary judgment motions, **prior** to this litigation, BWW's primary concern as expressed in the parties' discussions was BWR's use of yellow as a predominant part of its color scheme and its use of an image of a buffalo in a circle without any additional distinguishing features. (*See* Order at 7, Docket No. 251.) BWR's position since filing suit, however, has always included a challenge to the red circle logo.

BWR asserts that Count Six expands the theory or scope of the case because it marks the first time BWW is attacking trademark registration rights already held by BWR. As the Magistrate Judge explained, and as the parties' summary judgment briefs made clear, Count Six seeks only to disallow the **amendment** to the '637 mark. (Second Am. Compl. ¶¶ 93-99, Docket No. 143; BWW's Mem. in Supp., Docket No. 152; R&R at 11, Docket No. 246.) A federal court may, in an action involving a registered mark, "order the cancelation of registrations, in whole or in part, . . . and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. The Court has denied summary judgment to BWW and granted summary judgment to BWR on Count Six, for the reasons explained in the Court's Order. (*See* Order at 31-35, Docket No. 251.) Had the Court granted summary judgment to BWW on that claim, however, the result would have been only the cancellation of the amendment made during the pendency of this action; BWR's rights in the original '637 mark as it existed when this case began would not have been disrupted. As the Magistrate Judge stated, Count Six sought to undo changes BWR made to its registered trademark while this litigation was pending so as to put the parties in the same position they were in when BWW filed suit. As such, Count Six did not change the scope of theory of the case.

In addition, the Court agrees with the Magistrate Judge's conclusion that allowing BWR to assert the third counterclaim at this stage of the litigation would circumvent the pretrial scheduling order and the order granting BWW's motion to amend. BWR expressed interest in asserting its new counterclaim as early as April 2010. BWR refused to stipulate to the amendments because BWW would not agree to allow BWR to add the

third counterclaim, compelling BWW to file a motion to amend. Yet BWR did not raise the issue of the third counterclaim with the Court in the context of the motion to amend, or seek leave to amend at any time.[3]

Finally, BWR argues that its third counterclaim challenging the Weck registrations are responsive to Count Six. Rule 15 allows party to plead, as a matter of right, "in response to an amended pleading . . . ." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. According to BWR, if BWW were to succeed on its cancellation claim and assert priority of use based on the original Weck registrations, it would be compelled to assert a counterclaim challenging the Weck registrations as abandoned. *See, e.g.*, *Ultratan Suntanning Ctrs. Inc. v. Ultra Tan Int'l AB*, 49 U.S.P.Q.2d (BNA) 1313, 1998 WL 950640, at *2 (T.T.A.B. 1998) ("[P]rior use need not be shown by an opposer relying on a registration of its pleaded mark for its pleaded goods or services unless the applicant counterclaims for cancellation."). As discussed above, however, BWW has never sought to cancel BWR's '637 mark entirely, only to cancel the amendment made to the mark during the course of this litigation. BWR's proposed challenge to the Weck registrations, therefore, is entirely unrelated to Count Six.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Buffalo Wings & Rings' objections [Docket No. 249] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated March 21, 2011 [Docket

---

[3] BWW, by contrast, sought leave to amend shortly after the USPTO amended the '637 registration; in other words, as soon as Count Six became viable.

- 8 -

No. 246].  Accordingly, **IT IS HEREBY ORDERED** that Buffalo Wild Wings' Motion to Dismiss or Strike Third Counterclaim [Docket No. 176] is **GRANTED**.

DATED: June 8, 2011                                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                              JOHN R. TUNHEIM
                                                                              United States District Judge